THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ROOSEVELT HARRIS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 20, 1960—Decided October 7, 1960.

Before Judges PRICE, GAULKIN and SULLIVAN.

*Mr. Sanford M. Jaffe,* Assistant Prosecutor, argued the cause for plaintiff-respondent (*Mr. Brendan T. Byrne,* County Prosecutor of Essex County, attorney; *Mr. Milton Diamond,* of counsel and on the brief).

*Mr. Robert E. Cowen* argued the cause for defendant-appellant (*Messrs. Schreiber, Lancaster & Demos,* attorneys).

The opinion of the court was delivered by

SULLIVAN, J. A. D. Defendant Roosevelt Harris, having waived trial by jury, was tried and convicted in the Essex County Court upon two indictments, one of which charged him with unlawful possession of a narcotic drug, and the other with unlawfully dispensing a narcotic drug to one Marzene Jones; both contrary to *R. S.* 24:18–4. He was sentenced to State Prison for a term of two to three years on each charge and fined $50, the sentences to run concurrently.

His appeal in the main relies on the following grounds. First, that his trial on the two indictments constituted double jeopardy because, on the same facts and growing out of the same circumstances, defendant had previously been

tried in the municipal court on a disorderly person charge that he was a narcotics user, contrary to *N. J. S.* 2*A*:170–8, and acquitted. Second, that the record is barren of any evidence that defendant "dispensed" narcotics. Third, that the State did not prove, nor did the trial judge find, that defendant's possession of the narcotic drug was "the aggravated form of possession" allegedly held in *State v. Reed,* 62 *N. J. Super.* 303 (*App. Div.* 1960), to be an essential element of the crime charged.

Defendant's claim of double jeopardy is invalid. The municipal court only passed upon the disorderly person charge that defendant was a narcotics user. It did not adjudicate the question whether defendant committed the indictable offenses of possessing a narcotic drug and dispensing a narcotic drug. The crime of being a narcotics user is not a component part of the crimes of possessing and dispensing narcotics. One can be a possessor or dispenser without being a user. It is obvious here that separate and distinct offenses were involved, and while they are set against the same background, different factual situations requiring separate proofs were involved. See *State v. Labato,* 7 *N. J.* 137 (1951).

Defendant next claims that there is no proof that he dispensed a narcotic drug. For the purposes of this point defendant admits that marijuana was in his possession, but denies that there is any evidence that he dispensed it.

On this score Marzene Jones, who appeared as a State's witness, testified that he was one of the three passengers in a car driven by defendant; that there had been talk among the occupants about marijuana; that defendant exhibited a paper bag (later shown to contain marijuana) and when the witness asked him for some, defendant showed him the bag and put it down on the car seat. Defendant then stopped the car and Jones went into a drug store and bought cigarette papers. Upon his return to the car each of the occupants with the exception of defendant rolled cigarettes, using the marijuana, and smoked them.

█ The statute, *N. J. S. A.* 24:18–2(*c*), defines "dispense" as follows:

" 'Dispense' includes distribute, leave with, give away, dispose of or deliver."

The foregoing testimony makes out a clear case of dispensing a narcotic drug within the statutory meaning. It was not necessary that defendant physically hand the marijuana to Jones. The drug was in defendant's possession and he made it available to Jones at Jones' request.

Defendant's final ground of appeal attacks his conviction of unlawful possession. He bases his argument on the recent decision by this court in *State v. Reed, supra*. Defendant interprets the *Reed* case to hold that the unlawful possession made a crime by *R. S.* 24:18–4 is possession with an intent or purpose of making or assisting in making the marijuana available to others, and that unless possession, plus such intent or purpose, is proved by the State, no violation of *R. S.* 24:18–4 is established.

Defendant's argument is unsound. *State v. Reed, supra*, does not hold that possession of a narcotic drug under *R. S.* 24:18–4 means possession with an intent or purpose to make the drug available to others. All that *Reed* determines is that such unlawful "possession of narcotics as is either inseparable from actual use thereof by the accused, or solely of a nature necessarily incidental to imminent actual use by him, is removed from the scope of punishable possession under the Uniform Act." *State v. Reed, supra*, 62 *N. J. Super., p.* 320.

█ It was not incumbent on the State to prove the aggravated form of possession as claimed by defendant. Subject to the limitations set forth in *Reed,* all the State has to prove is unlawful possession by the accused and nothing more.

We have considered the other arguments presented by defendant *pro se* in his separate memorandum and, without discussing them in detail, find them to be without merit.

Affirmed.