112 N.J. Super. 305 (1970)
271 A.2d 17
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RALPH D. BUTLER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 4, 1970.
Decided November 20, 1970.
*306 Before Judges KILKENNY, HALPERN and LANE.
Mr. William J. Rohr, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. R. Benjamin Cohen, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
The opinion of the court was delivered by HALPERN, J.A.D.
Defendant appeals from a denial of his application for post-conviction relief.
The undisputed facts are that when defendant was arrested in his apartment the police found 16 decks of heroin in his jacket and two packs of marihuana on the ground beneath his window which had been thrown there by defendant. He was charged in separate indictments with (a) unlawful "possession of a narcotic drug, to wit: marijuana," and (b) with unlawful "possession of a narcotic drug, to wit: Heroin," both contrary to N.J.S.A. 24:18-4. Both charges resulted from an arrest made on February 20, 1965.
Defendant pled guilty to both indictments. He was sentenced on the marihuana charge to a term of two to three years in the New Jersey State Prison, to run concurrently with a sentence he was then serving, and fined $25. He was *307 sentenced on the heroin charge to a term of two to three years in the New Jersey State Prison, to run consecutively to the sentence imposed on the marihuana charge, and fined $25.
The principal issue presented is whether the simultaneous unlawful possession of marihuana and heroin constitutes two separate and distinct crimes under N.J.S.A. 24:18-4. We have concluded that defendant could be guilty of only one offense  namely, the unlawful possession of narcotic drugs.
For a detailed history of the Uniform Narcotic Drug Law, as adopted in New Jersey in 1933, and for a definition of the term "possess," see State v. Reed, 34 N.J. 554 (1961). At the time of the offense N.J.S.A. 24:18-4 provided:
It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized by this chapter.
Unquestionably, the Legislature has the power to proscribe two or more separate and distinct criminal acts within the same statute. Our function is to ascertain whether such was the legislative intent. State v. Juliano, 52 N.J. 232, 235 (1968); 4 Wharton's Criminal Law and Procedure, § 1778 at 630 (1957). Giving the language used in the statute its accepted meaning, it is obvious the Legislature intended to proscribe the acts individually set forth in the statute, i.e. to "sell," "prescribe," "administer," "dispense," "manufacture," "possess," or "compound" any narcotic drug, except as authorized by law. The essence of the charges was the unlawful possession of heroin and marihuana  both of which are narcotic drugs as defined in N.J.S.A. 24:18-2. This single act of possession, which occurred at one time and in one place, cannot be the basis for multiple offenses. It would do violence to the Legislature's intent to say that if a person had ten different types of narcotic drugs *308 in his possession at one time that he would be guilty of ten separate crimes. If such were the intent, the Legislature would have said so in clear language.
While the issue confronting us is novel in New Jersey, what the courts have said in analogous situations are in accord with our view. Thus, where a defendant has but a single ultimate criminal objective (in the instant case unlawful possession of narcotic drugs), only one offense is committed. See State v. La Fera, 35 N.J. 75, 91 (1961). One act of arson resulting in three deaths was held to be a single criminal transaction. State v. Mills, 51 N.J. 277, 289 (1968), cert. den. 393 U.S. 832, 89 S.Ct. 105, 21 L.Ed.2d 104 (1968). The defendant in State v. DiRienzo. 53 N.J. 360 (1969), was caught with goods in his possession stolen from various places; the court held his receipt of the stolen goods was but a single violation.
A case directly in point is Braden v. United States, 270 F. 441 (8 Cir.1920), where the defendant was charged in five separate counts with having five distinct narcotic drugs in his possession at the same time. In holding that defendant could be convicted on only one count for possession the court said:
It is further contended that the sentence imposed by the trial court is excessive. This contention is based on the fact that, although defendant was convicted on four counts, the transaction upon which said four counts are based was the finding of defendant in possession on the 16th day of November, 1918, at his flat in St. Paul, Minn., of the four different drugs mentioned in counts 6, 7, 8, and 9, said drugs being morphine sulphate, cocaine, heroin, and smoking opium, all derivatives of opium except cocaine, which is a derivative of coca leaves. Counsel for the United States contend that the words "any of the aforesaid drugs," as used in section 8, permit him to base a count upon each drug found in the possession of the defendant although the drugs were all found at the same time and place. We do not think that any such significance can be given to the word "any." The use of this word simply means that, if the defendant under the required circumstances should be found in possession of any of said drugs, he would be guilty. If a person steals four horses from the barn of another, all being of different color, it would not be competent to charge the thief with four different *309 larcenies when the horses were all taken at the same time and place. Another illustration would be the larceny of articles of merchandise from a store. If twelve articles were all taken at the same time and place, we do not think it would be competent to charge the thief with twelve different larcenies. If the test as to whether there were four different offenses arising out of the transaction in this case or only one was as stated by this court in Munson v. McClaughry, 198 Fed. 72, 117 C.C.A. 180, 42 L.R.A. (N.S.) 302, and followed in Stevens v. McClaughry, 207 Fed. 18, 125 C.C.A. 102, 51 L.R.A. (N.S.) 390, there would be no question in our opinion but that the facts in this case constituted but one offense. [at 443-444]
See also Parmagini v. United States, 42 F.2d 721 (9 Cir.1930), cert. den. 283 U.S. 818, 51 S.Ct. 344, 75 L.Ed. 1434 (1931), and United States v. Martin, 302 F. Supp. 498 (U.S.D.C. 1969), where the defendant, charged with possession of heroin and cocaine, was held guilty of only one violation.
To unlawfully "possess" various narcotic drugs at one time and place is a single offense; nevertheless, under N.J.S.A. 28:18-4, the single act of possession may give rise to several crimes such as possession and sale, see State v. McDonald, 92 N.J. Super. 448 (App. Div. 1966), or possession and dispensing, see State v. Harris, 63 N.J. Super. 184 (App. Div. 1960).
In construing the Legislature's intent, as expressed in N.J.S.A. 24:18-4, it is significant, although not controlling, that what is proscribed is contained in one short sentence. To adopt the State's argument that simultaneous unlawful possession of different narcotic drugs gives rise to separate offenses would be fractionalizing the statute. This we should not do unless the statute in clear terms requires it. This principle was enunciated in Gore v. United States, 357 U.S. 386, 391, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958), in which case the court sustained convictions for three distinct offenses arising from one sale of illicit drugs, in violation of three statutes passed in three separate years. In holding that Congress intended them to be separate crimes, the court said:
*310 It seems more daring than convincing to suggest that three different enactments, each relating to a separate way of closing in on illicit distribution of narcotics, passed at three different periods, for each of which a separate punishment was declared by Congress, somehow or other ought to have carried with them an implied indication by Congress that if all these three different restrictions were disregarded but, forsooth, in the course of one transaction, the defendant should be treated as though he committed only one of these offenses.
This situation is toto coelo different from the one that led to our decision in Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905. That case involved application of the Mann Act  a single provision making it a crime to transport a woman in interstate commerce for purposes of prostitution. We held that the transportation of more than one woman as a single transaction is to be dealt with as a single offense, for the reason that when Congress has not explicitly stated what the unit of offense is, the doubt will be judicially resolved in favor of lenity.
It is one thing for a single transaction to include several units relating to proscribed conduct under a single provision of a statute. It is a wholly different thing to evolve a rule of lenity for three violations of three separate offenses created by Congress at three different times, all to the end of dealing more and more strictly with, and seeking to throttle more and more by different legal devices, the traffic in narcotics. Both in the unfolding of the substantive provisions of law and in the scale of punishments, Congress has manifested an attitude not of lenity but of severity toward violation of the narcotics laws. [at 390-391, 78 S.Ct. at 1283-1284.]
The State contends its position finds support in State v. Juliano, supra. We disagree. In Juliano the court merely held that N.J.S.A. 2A:112-3 proscribed bookmaking on various types of betting or gambling on races or contests, and that where a defendant made book on more than one type of event, a separate count would lie for each type of conduct.
Since we have no way of knowing what sentence the trial judge would have imposed had he known only one offense was involved, we consolidate the two indictments to charge one offense of illegal possession of narcotic drugs, and remand the cause to him for resentencing. State v. Mills, supra, 51 N.J. at 289. The trial judge, in resentencing defendant, is free to consider all present aspects of the case, including the time elapsed since the original conviction, *311 the term served, defendant's conduct since his conviction, defendant's current behavior, and to impose such sentence as may be appropriate.
Reversed and remanded for resentencing.