169 N.J. Super. 98 (1979)
404 A.2d 331
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ALBERT SMITH, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 14, 1979.
Decided June 13, 1979.
*99 Before Judges FRITZ, BISCHOFF and MORGAN.
Ms. Andrea R. Grundfest, Assistant Prosecutor, Essex County, argued the cause for appellant (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. Leonard D. Ronco, Acting Essex County Prosecutor, of counsel; Ms. Rena Rothfeld, on the brief).
PER CURIAM.
The only issue implicated in this appeal concerns the question of whether a man may be convicted under N.J.S.A. 2A:138-1 for the rape of his wife. In a thoughtful and scholarly opinion, Judge Scalera below reluctantly held that he could not. 148 N.J. Super. 219 (Cty. Ct. 1977). Accordingly he dismissed the count of the *100 indictment against Smith which charged him with this rape.[1] We granted the motion of the State for leave to appeal.
Although a great deal of that which is said in the opinion below has our collegial agreement, including our hearty concurrence as to the fatally anachronistic nature of Sir Matthew Hale's view regarding the eternal irrevocability of a wife's consent to submit to her husband sexually, we do not all uniformly subscribe to everthing that is there said. We readily acknowledge the responsibility of all judges not to depart from pronouncements of superior appellate courts, Reinauer Realty Corp. v. Paramus, 34 N.J. 406, 415 (1961), In re Education Ass'n of Passaic, Inc., 117 N.J. Super. 255, 261 (App. Div. 1971), certif. den. 60 N.J. 198 (1972). We part company with Judge Scalera only in the unlikely event his opinion is read to suggest that the common law is untouchable as far as trial courts are concerned. We have no doubt that the "common law," imported into our jurisprudence by constitutional edict, N.J. Const. (1947), Art. XI, § I, par. 3, is not in any sense immutable. As Justice Jacobs said so succinctly and yet so eloquently in Collopy v. Newark Eye and Ear Infirmary, 27 N.J. 29, 43-44 (1958), "The common law has always had the inherent capacity to develop and adapt itself to current needs; indeed, if this were not true it would have withered and died long ago rather than have grown and flowered so gloriously." While these changes almost invariably are left to legislative action or appellate court pronouncement, we see no reason why the trial court, in situations such as this one where neither legislative fiat nor superior precedent constrains, should not contribute to this growth process on the rarely appropriate occasion.
*101 We do not in any sense criticize Judge Scalera, for discretion, caution and compelling and apparent need are narrow gates through which any proposed change in a rule bearing the imprimatur of time first must pass. Indeed, he recognized this in his surrender to a "compelling force derived from our system of jurisprudence which must not be lightly disregarded." 148 N.J. Super. at 233. But his proper concern for the "principles of [common] law that bind us" and his refusal to "depart from the common law rule because * * * [such a departure] is unfair and discriminatory" to this defendant in the creation of "criminal responsibility where none has heretofore existed," (148 N.J. Super. at 233)  wholly laudable and entirely correct with respect to this defendant and the principles of fair play which we sometimes call due process  must not be mistaken for an absence of authority where there is no other legislative or judicial constraint.
Having said this, we record our concurrence with the result below and the ultimate reason for it. There is ample reasonable cause to believe that the common law rule excluding a husband from a statute condemning rape has heretofore obtained in New Jersey if for no other reason than because the rule did exist at common law and has not been abrogated here by legislation or judicial decision. N.J. Const. (1947), Art. XI, § I, par. 3. See also, Application of Faas, 42 N.J. Super. 31, 37 (App. Div. 1956), cert. den. 353 U.S. 940, 77 S.Ct. 820, 1 L.Ed.2d 762 (1957). But even were we to indulge the present inclination of some of us to declare that in this more enlightened age there is no longer room for such parochial thinking, we could not apply the effect of such a determination retrospectively. State v. Young, 77 N.J. 245 (1978). Dismissal of this count of the indictment by Judge Scalera was eminently correct in any circumstance and is affirmed.
Having thus decided the case before us we will not undertake to address further the substantive question or enunciate a rule of law. Considerations relating to the nature *102 of the matter, the genuine ambivalence on the part of at least one of us with respect to the question, the absence of need in the present case for such a determination and the unlikelihood that the problem will again arise in view of the imminence of the effective date of the new code of criminal justice produce this restraint. In the new code the Legislature speaks clearly of its determination that a spouse should not be excluded or enjoy any preferential treatment in matters such as this. N.J.S.A. 2C-14-5(b).
Affirmed.
NOTES
[1] Defendant is charged in the same indictment with other crimes arising out of the act or acts involved. These include a count for atrocious assault and battery (N.J.S.A. 2A:90-1) and a count for private lewdness (N.J.S.A. 2A:115-1) and remain to be tried in any event. These are in no way here concerned.