185 N.J. Super. 137 (1982)
447 A.2d 604
STATE OF NEW JERSEY, PLAINTIFF,
v.
ALFRED T. TREMBLAY, DEFENDANT.
Superior Court of New Jersey, Law Division Morris County.
April 8, 1982.
*138 Michael Rubbinaccio, Special Deputy Attorney General, Acting Assistant Prosecutor for the State (John De Cicco, Acting Prosecutor for Morris County, attorney).
Howard D. Zuckerman for defendant Alfred T. Tremblay.
MacKENZIE, J.S.C.
This opinion expands the oral decision denying the State's motion to have defendant sentenced for possession of a controlled dangerous substance as a persistent offender under the Code of Criminal Justice ("Code").[1] The issue is whether defendant is subject to the extended term of imprisonment authorized for a persistent offender by N.J.S.A. 2C:43-7(a)(4). There is, of course, a provision in the Controlled Dangerous Substances Act (Title 24) for an enhanced penalty in the case of a second or subsequent drug conviction. N.J.S.A. 24:21-29(a).[2] The resolution *139 of this issue requires an analysis of the interrelationship between the sentencing provisions of the Code and of Title 24.
The facts are simple and uncontroverted. Defendant was found guilty by a jury of possession of two controlled dangerous substances, marijuana and cocaine.[3] His prior adult record is comprised of convictions for burglary, larceny, receiving stolen motor vehicle, malicious damage to property, theft of a motor vehicle, possession of 25 grams or less of marijuana and for being under the influence of a controlled dangerous substance.
Defendant does not qualify for the doubled penalties which may be imposed for a second or subsequent Title 24 offender because his prior drug convictions are within the exception proviso of N.J.S.A. 24:21-29. The increased penalty does not apply if an earlier conviction is for the disorderly person offenses of possession of marijuana,[4] or for being under the influence of a controlled dangerous substance.[5] On the other hand, he would clearly qualify as a persistent criminal offender if the present possession offense is the kind of "crime" referred to in N.J.S.A. 2C:44-3(a). I hold that it is not because of the legislative scheme to distinguish between sentencing maxima for Code crimes and those for Title 24 offenses.
When the criminal laws of this state were revised and enacted into the Code, the Legislature specifically excepted Title 24 from codification. The Legislature no doubt accepted the reasoning that it would be "inappropriate to change them [Title *140 24] again so soon after enactment." 2 Final Report of the New Jersey Criminal Law Revision Commission. Commentary at 312. As if to emphasize the distinction, the Legislature then amended the original form of N.J.S.A. 2C:43-1(b) prior to the Code's effective date of September 1, 1979. See L. 1978, c. 95, § 2C:43-1. To ensure that certain but not all sentencing provisions of the Code were to apply to Title 24 convictions, the following sentence was added to the Code:
A sentence imposed upon violation of the "New Jersey Controlled Dangerous Substances Act" shall be governed by this subtitle but shall be subject to the maximum sentence authorized for the relevant offense under said act, or if there is no specific penalty under the act, by imprisonment for not more than 3 years or a fine of not more than $1,000.00 or both, in the case of a misdemeanor or other indictable offenses, or by imprisonment for not more than 6 months or a fine of not more than $500,000 or both, in the case of a nonindictable offense [emphasis supplied][6]
Thus, the maxima for Title 24 offenses continued to apply for drug offenses.
At the same time N.J.S.A. 2C:1-5(b) was amended to provide that the sentencing provisions of the Code apply to non-Code offenses except as to the maximum penalty which may be imposed.[7] The purpose of these two amendments was to make clear that sentences for Title 24 convictions are to be imposed in the same manner as are sentences under the Code in regard to such aspects as the requirement of a finite term;[8] the weighing of aggravating and mitigating circumstances;[9] presumption of nonincarceration for certain offenders[10] and the consequences of multiple sentences,[11] but that the maximum term of imprisonment *141 provided for by Title 24 remained in full force and effect.[12]
With this history in mind, the statutory language is plain and the legislative intent unmistakable. Except as above noted, sentences for a possessory violation under Title 24 must be in conformity with the provisions of that statute. Likewise, imposition of an enhanced penalty for a drug offense must be under the authority of Title 24, not the Code. Thus, an individual convicted of a drug offense is liable for punishment only up to the normal, or enhanced, sentence maxima authorized by Title 24.
As noted above, defendant would not be eligible for sentencing to an enhanced sentence under N.J.S.A. 24:21-29(a) despite his two prior Title 24 convictions. The State did not move for imposition of such a Title 24 sentence; rather, it sought application of the enhanced penalty section of the Code. The present Title 24 possessory offense, however, is not encompassed within the meaning of "crime" as used in N.J.S.A. 2C:44-3(a). There is no specific provision in the Code by which legislature repeals N.J.S.A. 24:21-29(a). Nor can any such intention to repeal be implied.
The State's motion to have defendant sentenced to an enhanced term of imprisonment is denied because N.J.S.A. 2C:43-7 does not apply on these facts, and because defendant is exempt *142 from sentencing pursuant to N.J.S.A. 24:21-29(a) as a repetitive drug offender.
NOTES
[1] N.J.S.A. 2C:44-3(a) specifies that

A persistent offender is a person who at the time of the commission of the crime is 21 years of age or over, who has been previously convicted on at least two separate occasions of two crimes, committed at different times, when he was at least 18 years of age, if the latest in time of these crimes of the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced.
[2] N.J.S.A. 24:21-29(a) reads:

Any person convicted of any offense under this act, if the offense is a second or subsequent offense, shall be punished by a term of imprisonment of up to twice that otherwise authorized, by up to twice the fine otherwise authorized, or by both; provided, however, that this section shall not apply to section 20a(3) and (4) and b. offenses. [Emphasis supplied]
[3] The statute violated was N.J.S.A. 24:21-20(a)(1). Because the possession of each was contemporaneous and in the same place, the convictions merge. State v. Butler, 112 N.J. Super. 305, 306 (App.Div. 1970).
[4] N.J.S.A. 24:21-29(a); N.J.S.A. 24:21-20(a)(4).
[5] N.J.S.A. 24:21-29(a); N.J.S.A. 24:21-20(b).
[6] L. 1979, c. 178 § 81, eff. Sept. 1, 1979.
[7] L. 1979, c. 178 § 4, eff. Sept. 1, 1979.
[8] N.J.S.A. 2C:43-6.
[9] N.J.S.A. 2C:44-1(a), (b).
[10] N.J.S.A. 2C:44-1(b)(3). See, also, State v. Sobel, 183 N.J. Super. 473 (App.Div. 1982).
[11] N.J.S.A. 2C:44-5
[12] Senate Judiciary Committee Statement to S. 3203 recites:

Section 81 amends 2C:43-1 to clarify the legislative intent to preserve existing sentences under the "Controlled Dangerous Substances Act," P.L. 1970, c. 226. Since the general Title 2A authority for imposing sentences on misdemeanors and disorderly persons offenses has been repealed, as well as the authority to impose "minimum-maximum" sentences under Title 2A, the intent is to retain the authority to impose the maximum sentences established under Title 24. Section 2C:43-1 embodies the only exceptions applicable to Title 24 offenses. Therefore, the section is designed to clarify that, while Title 24 maxima are to control, the sentences are to be imposed as are other sentences under the code (i.e., subject to definite terms, and not minimum-maximum sentences), and that the other provisions of the subtitle (regarding probation, revocation, fines, restitution, etc.) are to apply.