206 N.J. Super. 328 (1985)
502 A.2d 1142
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BONNIE LEE SELVAGGIO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 29, 1985.
Decided December 5, 1985.
*329 Before Judges MICHELS, DEIGHAN and STERN.
Thomas S. Smith, Acting Public Defender, attorney for appellant (Beverly C. Murphy, designated counsel).
John A. Kaye, Monmouth County Prosecutor, attorney for respondent (James W. Kennedy, Assistant Prosecutor, of counsel).
PER CURIAM.
Defendant was convicted of possession and possession with intent to distribute marijuana (counts one and two); possession and possession with intent to distribute L.S.D. (counts three and four); and possession with intent to distribute PCP (counts five and six); possession and possession with intent to distribute hashish (counts seven and eight); and possession and possession with intent to distribute various prescription drugs (counts nine and ten). See N.J.S.A. 24:21-19 and 20. She was sentenced to 10 years on the conviction for possession with *330 intent to distribute marijuana, and concurrent five year sentences on the other counts. These sentences were all to run concurrent with another sentence imposed by another judge.
On this appeal defendant contends that (1) there was insufficient proof of possession of CDS with intent to distribute; (2) the prejudicial effect of proffered evidence by the prosecutor constituted plain error; (3) the State failed to prove that defendant possessed librium with intent to distribute; (4) the State failed to establish a "nexus" between the evidence and defendant's intent to distribute CDS, and (5) the sentence was manifestly excessive. Defendant does not contend that the offenses merged or that the sentence was illegal.
The charges followed execution of a search warrant leading to the search of defendant's bedroom wherein the contraband was found. The police also found $700 in cash, baggies, glassine bags and a note book.
The amount and variety of contraband and the other items associated with the possession and distribution of the contraband found in the bedroom justified an inference of intent to distribute. We find that all the issues of law raised by defendant in connection with the conviction are clearly without merit. R. 2:11-3(e)(2).
The convictions for possession merge into the convictions for the simultaneous possession with intent to distribute the same substance. See e.g., State v. Rechtschaffer, 70 N.J. 395, 411-412 (1976); State v. Fariello, 133 N.J. Super. 114, 120 (App.Div. 1975), aff'd in part, rev. in part, 71 N.J. 552 (1976); State v. Ruiz, 127 N.J. Super. 350 (App.Div. 1974), aff'd 68 N.J. 54 (1975); State v. Wilkinson, 126 N.J. Super. 553, 556 (App. Div. 1973), certif. den. 63 N.J. 562 (1973); N.J.S.A. 2C:1-5b; 2C:1-8a, d. Moreover, prior to the adoption of the Code of Criminal Justice it was held that the simultaneous possession of several substances constitutes only one offense. See State v. Butler, 112 N.J. Super. 305 (App.Div. 1970); see also State v. *331 Tremblay, 185 N.J. Super. 137 (Law Div. 1982). Butler addresses simple possession,[1] but the same principle does not necessarily apply to simultaneous possession of various substances with intent to distribute. Each offense involves factors the other does not, the possession and intent to distribute a different substance. However, the possession with intent to distribute charges involve contemporaneous violations of the same statutory proscription embodied in a single subsection of Title 24, N.J.S.A. 24:21-19(a)(1). Compare, Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955). See also N.J.S.A. 2C:1-5b, 1-8.[2] The question of merger is inherent in the issue of excessiveness. However, because the issue was not briefed and the matter must be remanded for resentencing, we do not decide whether simultaneous possession of various substances with intent to distribute merge.
*332 We have raised the issue regarding which provisions of N.J.S.A. 24:21-19(b) control the maximum sentence on each charge of possession with intent to distribute. The prosecutor asserts that, because it is a schedule I controlled dangerous substance, the sentence on the marijuana conviction was governed by N.J.S.A. 24:21-19(b)(1). But see N.J.S.A. 24:21-19(b)(3) and N.J.S.A. 24:21-2 (defining "marijuana" and "narcotic drug"); 24:21-5(e). See also State v. DiCarlo, 67 N.J. 321, 325-327 (1975); State v. Carus, 118 N.J. Super. 159, 160-61 (Bergen Cty.Ct. 1972) ("marijuana" not a "narcotic drug.") Because this contention may be critical to the sentence maximum, but was not briefed by the parties, we believe that the issue should be developed on remand.
Title 24 offenses are unclassified and not subject to extended terms. See e.g., State v. Sobel, 183 N.J. Super. 473 (App.Div. 1982); State v. Tremblay, supra; N.J.S.A. 2C:43-1b, 43-7, 44-3. However, upon conviction of possession with intent to distribute, a defendant previously convicted of a Title 24 or equivalent offense may be sentenced to a term of up to double the authorized maximum. N.J.S.A. 24:21-29. Although the basis for the sentence imposed is critical to an understanding of the legality of the sentence, cf. State v. Roth, 95 N.J. 334 (1984), the sentencing judge did not indicate that he was imposing a sentence under this provision and made no requisite findings of applicability. Nevertheless, our review of the record satisfies us that defendant may have been qualified for sentencing under N.J.S.A. 24:21-29 and that the judge may have intended to sentence her thereunder if he deemed the maximum sentence on the marijuana conviction otherwise to be five years. See N.J.S.A. 24:21-19(b)(3).[3]
*333 Under the totality of circumstances, we remand for reconsideration of sentence. We do not address the issue of whether a 10 year sentence for possession of marijuana with intent to distribute, or the 10 year aggregate sentence as originally imposed, would be excessive. Nor do we address whether merger under these circumstances would constitutionally permit an increase, subject to the original aggregate 10 year maximum, of an otherwise lawful sentence imposed on another count, because concurrent (and not consecutive) sentences were originally imposed.[4] Compare State v. Truglia, 97 N.J. 513, 524-525 (1984); State v. Rodriguez, 97 N.J. 263 (1984). We leave these issues for development by the trial judge, who must consider appropriate legal standards and the aggravating and mitigating factors which support the sentence he imposes under Title 24. See State v. Sobel, supra; State v. Dachielle, 195 N.J. Super. 40, 47 (Law Div. 1984); State v. Tremblay, supra 185 N.J. Super. at 140.
Accordingly, the matter is remanded to the Law Division, Monmouth County, for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Butler was decided under a provision of the former Uniform Narcotic Drug Act, N.J.S.A. 24:18-4, but its rationale would apply to simultaneous possession of various substances all in violation of the same provision of N.J.S.A. 24:21-20(a). Tremblay, decided under N.J.S.A. 24:21-20(a), merely relied on Butler in this regard. In light of the merger of the possession convictions into the possession with intent to distribute, we do not have to consider the continued viability of State v. Butler in this case.
[2] Subtitle one of the Code of Criminal Justice applies to prosecution under Title 24. See N.J.S.A. 2C:1-5b. Whether or not the Code adopted the "Blockburger" test for "merger", see Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); N.J.S.A. 2C:1-8a; see also State v. Truglia, 97 N.J. 513, 518-522 (1984); State v. Mirault, 92 N.J. 492, 501-502 (1983); State v. Goodman, 92 N.J. 43, 55-56 (1983); State v. Berrios, 186 N.J. Super. 198, 201-202 (Law Div. 1982); 2 Final Report N.J.Law Rev. Comm'n, 18-26 (1971), here we are not dealing with permissible entry of multiple convictions in the same proceeding based on conduct which simultaneously violates two statutory provisions. See Albernaz supra, 450 U.S. at 337-344, 101 S.Ct. at 1141-1145, 67 L.Ed. at 280-285. See also Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); Blockburger v. United States, supra; Cf. State v. Truglia, supra 97 N.J. at 518-522. On the other hand, distribution and possession with intent to distribute both in violation of N.J.S.A. 24:21-19(a) do not merge. See State v. Jester, 68 N.J. 87 (1975); State v. Davis, 68 N.J. 69 (1975); State v. Ruiz, 68 N.J. 54 (1975); N.J.S.A. 2C:1-8a.
[3] There was no notice of such intent. But see State v. Booker, 88 N.J. Super. 510 (App.Div. 1965), cert. den. 384 U.S. 944, 86 S.Ct. 1472, 16 L.Ed.2d 543 (1966); State v. Tyler, 88 N.J. Super. 396 (App.Div. 1965), cert. den. 384 U.S. 992, 86 S.Ct. 1898, 16 L.Ed.2d 1008 (1966) both decided under the forerunner statute, N.J.S.A. 24:18-47. See also State v. Brockington, 140 N.J. Super. 422 (App.Div. 1976), certif. den. 71 N.J. 345 (1976), cert. den. 429 U.S. 940, 97 S.Ct. 357, 50 L.Ed.2d 310 (1976) (notice under N.J.S.A. 24:21-29). While Title 24 offenses are unclassified and not subject to "extended" terms, see e.g., N.J.S.A. 2C:43-1b; State v. Sobel, supra, note that provisions of subtitle 3 of the Code apply to Title 24 offenses, N.J.S.A. 2C:1-5b, and that the Code contains provisions regarding notice requirements in advance of a discretionary extended term. See N.J.S.A. 2C:43-7, 2C:44-3, 2C:44-6e; R. 3:21-4(d). As the issue was not raised or briefed before us, we do not address any question related to the notice requirement under N.J.S.A. 24:21-29.
[4] If there is merger, this could occur only if the maximum sentence on the second count must be reduced and any one of the other offenses carries a maximum above five years. However, the double jeopardy consequences of an increase of an otherwise legal sentence would have to be considered.