1987, at $30,771.12. The total amount due the association, as of that date therefore, is $85,071.12.

STATE OF NEW JERSEY, PLAINTIFF, v. MORRIS ELSWORTH BACOTE, DEFENDANT.

Superior Court of New Jersey
Law Division Union County

Decided November 4, 1988.

176

*Anne K. Frawley* for plaintiff.

*Gerald D. Miller* for defendant (*Miller, Hochman, Meyerson & Schwartz,* attorneys).

WERTHEIMER, J.S.C.

This matter comes before the court on a motion to consolidate counts of an indictment. The motion presents a question of first impression in New Jersey, *i.e.,* should one count of an indictment which alleges possession of cocaine with an intent to distribute be consolidated with another count which alleges possession of marijuana with an intent to distribute. For reasons set forth *infra,* counts of simple possession of cocaine and simple possession of marijuana are hereby consolidated.

For the purposes of this motion the facts may be succinctly stated. Defendant was a passenger in a vehicle which when lawfully searched yielded one "nickel bag" of marijuana, one bag containing one pound of marijuana and one bag containing approximately one-half ounce of cocaine.

■ The holding in *State v. Butler,* 112 *N.J.Super.* 305 (App.Div.1970) mandates the consolidation of the simple possession counts.

> The essence of the charges was the unlawful possession of heroin and marijuana—both of which are narcotic drugs as defined in *N.J.S.A.* 24:18–2. This single act of possession, which occurred at one time and in one place, cannot be the basis for multiple offenses. [At 307]

While the drugs in question in the case *sub judice* were cocaine and marijuana and not heroin and marijuana and the verbiage

of *N.J.S.A.* 2C:35–10 which proscribes "a controlled dangerous substance" is arguably different than its predecessor, *N.J.S.A.* 24:18–4 which refers to "any narcotic drug," the reasoning of the Appellate Division in *State v. Butler, supra,* is still controlling until modified or overruled by a court of greater jurisdiction. *See also State v. Brown,* 132 *N.J.Super.* 180, 185 (App. Div.1975); *State v. Gaines,* 147 *N.J.Super.* 84, 94 (App.Div. 1975); *State v. Tremblay,* 185 *N.J.Super.* 137, 139 (Law Div. 1982) and *State v. Selvaggio,* 206 *N.J.Super.* 328, 330 (App.Div. 1985). It is not the function of this trial court to disturb principles espoused by appellate courts. *State v. Smith,* 169 *N.J.Super.* 98 (App.Div.1979), rev'd on other grounds 85 *N.J.* 193 (1981); *S.P. Dunham's & Co. v. Dzurinko,* 125 *N.J.Super.* 296 (App.Div.1973).

■ The question of possession with intent to distribute is another matter, however, as no appellate court has addressed that issue in New Jersey to date. It is well settled that, for sentencing purposes, a possession charge merges into a charge of possession with the intent to distribute. This, however, is not a question of merger, but instead a question the *Selvaggio* court left for another day, noting in *dicta* that while *"Butler* addresses simple possession, ... the same principle does not necessarily apply to simultaneous possession of various substances with intent to distribute." *State v. Selvaggio, supra* 206 *N.J.Super.* at 331.

The *Butler* court properly noted that "(u)nquestionably, the Legislature has the power to proscribe two or more separate and distinct criminal acts within the same statute." *Butler, supra* 112 *N.J.Super.* at 307. In considering what the Legislature's intent was in passing *N.J.S.A.* 24:18–4 it found by implication that the word "any" had little value for interpretive purposes, and concluded the simple act of possession of different drugs occurring at one time and place was but one offense. *Ibid.*

The Uniform Narcotic Law, discussed in *Butler*, was passed on May 7, 1938. More than a half century has passed, and different times have brought not only different attitudes toward narcotics but a new law, The Comprehensive Drug Reform Act of 1986.

The verbiage of the operative statute in the case at bar concerning the "Possession with Intent" charge, *N.J.S.A.* 2C:35–5(a)(1), refers to "*a* controlled dangerous substance." Emphasis supplied. The temptation, therefore, to extend *Butler* to this type offense is great as the indefinite article "a" and the pronoun "any" can both be singular. However, "any" can also be plural in construction as in any person(s) or any thing(s). This court feels that such a temptation is ill conceived. While our courts should not intrude on the legislative function or exercise discretion entrusted to the Legislature, *Property Owners Ass'n. of North Bergen v. North Bergen Tp.*, 74 *N.J.* 327 (1977), the judiciary does have the responsibility to interpret legislation. *Schiaffo v. Helstoski*, 350 *F.Supp.* 1076 (D.N.J. 1972), rev'd in part 492 *F.*2d 413 (3rd Cir.1974). In so doing, it is the court's function to give effect to the language employed by the Legislature in order to properly effectuate the legislative design. *Dixon v. Gassert*, 26 *N.J.* 1 (1958).

It is not difficult to discover the design of our Legislature when it passed the Comprehensive Drug Reform Act of 1986. It is to be noted that the act was promulgated because "the Legislature recognized the need for the comprenhensive reevaluation (and) revision" of our drug laws. *N.J.S.A.* 2C:35–1.1(a). The Legislature noted the "serious and persuasive threat" that the distribution of CDS poses to our citizens. *N.J.S.A.* 2C:35–1.1(b). The Legislature decreed that "The battle against drug abuse and drug-related crime must be waged aggressively, at every level along the drug distribution chain." *N.J.S.A.* 2C:35–1.1(c).

(I)t is the policy of this State to distinguish between drug offenders based on the seriousness of the offense, considering the nature, quantity and purity of

the controlled dangerous substance involved, and the rule of the actor in the overall drug distribution network. [*Ibid.*].

The Legislature also proclaimed its intention "to provide for the *strict* punishment, *deterrence* and *incapacitation* of the most culpable and dangerous drug offenders." *Ibid.;* emphasis supplied. Presumably, this intention targets those who distribute or intend to distribute CDS. It was the Legislature's intention to "protect the public interest" and to "deter, disrupt and eliminate" drug traffic by undertaking a comprehensive reexamination of the law. *N.J.S.A.* 2C:35–1.1(d). It is thus obvious that the tone and tenor of the times has changed since *State v. Butler* was decided some 18 years ago and since the statute reviewed there was passed in 1938.

More important, this court concludes that the Legislature not only made its intent known in the "Declaration of policy and legislative findings" section of the law, *N.J.S.A.* 2C:35–1.1, it also made its intent known when it changed the operative phrase from "any narcotic drug" to "a controlled dangerous substance." As indicated before, the word "a" is an indefinite article which is accepted to be "used as a function before singular nouns when the referrent is unspecified." *Websters, New Collegiate Dictionary* (9 ed. 1981).

Taking the verbiage of the statute, the legislative declarations and the tenor of the times together, this court concludes one can be guilty of two separate offenses of possession with intent to distribute when one possesses different types of CDS. Cocaine is a controlled dangerous substance, and marijuana is a different controlled dangerous substance. Society's "war on drugs" being what it is, as codified by our Legislature, the risk of multiple convictions should be passed on to the distributors, dealers and pushers. This decision does not detract from the Legislature's desire "to facilitate where feasible the rehabilitation of drug dependent persons"—the user. *N.J.S.A.* 2C:35–1.1(c).

The question of a person's intent, of course, is one for the trier of facts. When considering proofs the State should be

mindful of the conflicting precedent in *State v. Perez*, 218 *N.J.Super.* 478 (App.Div.1987) and *State v. Odom*, 225 *N.J.Super.* 564 (App.Div.1988).

This decision may by implication raise the question of the continued viability of the holding in *State v. Butler, supra,* under the Comprehensive Drug Reform Act of 1986. However, that must be left for consideration by the appellate courts. For the reasons set forth above, defendant's motion is granted in part and denied in part.