STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MARK JORDAN, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 1, 1989—Decided August 16, 1989.

518

Before Judges DEIGHAN and D'ANNUNZIO.

*Alfred A. Slocum,* Public Defender, attorney for appellant (*Steven M. Gilson,* designated counsel and on the letter brief).

*Peter N. Perretti, Jr.,* Attorney General, attorney for respondent (*Denise L. Carroll,* Deputy Attorney General, of counsel and on the letter brief).

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

Defendant was convicted, upon the entry of his guilty pleas, of three counts of possession of controlled dangerous substances with intent to distribute them. *N.J.S.A.* 2C:35–5a. The substances, each the basis of a separate count, were cocaine, doriden, and empirin with codeine. At sentencing the trial court did not merge these offenses and sentenced defendant to three concurrent probationary terms and 364 days in the county jail. The sentencing judge assessed drug enforcement and demand reduction penalties totaling $3,000, $1,000 for each count, *N.J.S.A.* 2C:35–15, and forensic laboratory fees totaling $150, $50 for each count. *N.J.S.A.* 2C:35–20. The sentencing judge also imposed a six month suspension of defendant's

driving privileges on each count for a total suspension of 18 months. *N.J.S.A.* 2C:35–16.

In entering his guilty pleas, defendant admitted that on July 17 in North Plainfield, New Jersey he possessed and intended to distribute the substances identified in the indictment. The issue is whether the simultaneous possession of these three substances with the intent to distribute them constitutes only one crime.[1]

Defendant relies heavily on *State v. Butler,* 112 *N.J.Super.* 305 (App.Div.1970), which held that simultaneous possession of marihuana and heroin constitutes only one crime. *Butler* involved a prosecution under the Uniform Narcotic Drug Law, *N.J.S.A.* 24:18–1 *et seq.,* adopted in 1933, which reflected a simple, unsophisticated approach to illicit drug trafficking. The law was repealed and replaced by the New Jersey Controlled Dangerous Substances Act, *L.* 1970, *c.* 226, codified at *N.J.S.A.* 24:21–1 *et seq.,* which has been revised in many significant respects by the Comprehensive Drug Reform Act of 1986, *L.* 1987, *c.* 106, codified at *N.J.S.A.* 2C:35–1 *et seq.* Moreover, *Butler*'s vitality is suspect in light of *State v. Davis,* 68 *N.J.* 69 (1975), which held that possession and distribution of the same heroin are separate offenses and do not merge. Nevertheless, in so holding, *Davis* recognized important differences between mere simple possessory offenses and distribution offenses, *id.* at 82 and we need not determine, in this case, whether simultaneous simple possession of multiple drugs constitutes more than one offense under the Comprehensive Drug Reform Act of 1986.

Double punishment for the same offense is unlawful. *Id.* at 77. The threshold issue, therefore, is whether the Legislature intended that simultaneous possession of different drugs with intent to distribute them constitutes one offense. *Id.* at 77–78;

---

[1]In *State v. Selvaggio,* 206 *N.J.Super.* 328, 331 (App.Div.1985), we raised this issue, but did not decide it.

*Butler,* 112 *N.J.Super.* at 307. We conclude that the legislature intended that each drug possessed with intent to distribute is a separate crime.

New Jersey's statutes recognize distinctions among the many varieties of controlled dangerous substances. Thus, Title 24 establishes five schedules of controlled dangerous substances.[2] *N.J.S.A.* 24:21–5 through 8.1. Title 24 authorizes the Commissioner of Health to add, delete or reschedule a substance after considering a variety of factors including a substance's potential for abuse, its pharmacological effect, its history and current pattern of abuse and its liability for psychic or physiological dependence. *N.J.S.A.* 24:21–3a. Each schedule is defined by reference to one or more of these factors as well as by other considerations.

For example, Schedule I, which includes heroin, LSD and marihuana, covers substances with a high potential for abuse and no accepted medical use in the United States, *N.J.S.A.* 24:21–5. Schedule II covers substances with a high abuse potential and a potential for severe psychic or physical dependence, but which are currently accepted for medical use in the United States. Opium and cocaine are examples of Schedule II substances.[3] In comparison, Schedule V substances have low relative potential for abuse, are currently accepted for medical use and have limited relative potential for physical or psychological dependence. A compound containing "not more than 200 milligrams of codeine or any of its salts per 100 milliliters or per 100 grams" is a Schedule V substance. *N.J.S.A.* 24:21–8.1.

The Legislature's classification system recognizes differences among drugs. The sentencing scheme for drug offenses is based on those differences. The authorized punishment for a

---

[2]The Comprehensive Drug Reform Act of 1986 adopts the Title 24 schedules by reference. *N.J.S.A.* 2C:35–2.

[3]Doriden and empirin with codeine are Schedule III substances.

manufacturing or distribution offense differs depending, in part, on the drug involved. *N.J.S.A.* 2C:35–5b. Heroin, cocaine, LSD, marihuana and methamphetamine are singled out for specific sentences depending on quantity and, in some cases, purity. *Ibid.*

Availability, danger, effect and price are differences recognized by drug marketers and consumers. Each controlled dangerous substance has its peculiar market, though some drugs may be substituted for others depending upon availability and price.

These differences, which account for the Legislature's classification and sentencing schemes as well as the street response, support the State's contention that each drug represents a separate and distinct threat to the public good. The point is that the dealer whose inventory includes more than one controlled dangerous substance poses a greater danger to society than the single-drug merchant. He is able to satisfy a wider market thereby expanding his cash flow and profit potential with a minimum of additional risk, and he possesses the capacity to move the consumer from low-risk to high-risk drugs.

If defendant's contentions were to prevail, the full-service dealer would incur no additional penal risk for his expanded operation. We perceive no tolerance for such an anomaly in Title 24 and in Chapter 35, *see N.J.S.A.* 2C:35–1.1 for declarations of policy and findings, and we conclude that the Legislature intended to punish as a separate crime, possession of each drug with intent to distribute. *See State v. Davis, supra; State v. Ruiz,* 68 *N.J.* 54 (1975) (possession of heroin with intent to distribute and distribution of the same heroin do not merge); *State v. Juliano,* 52 *N.J.* 232 (1968) (bookmaking on horse race and baseball game on same day constitute separate crimes). *Cf. Gore v. United States,* 357 *U.S.* 386, 78 *S.Ct.* 1280, 2 *L.Ed.*2d 1405 (1958) (single transaction of sale of illicit drugs violated three statutes and, therefore, constituted three distinct offenses); *Blockburger v. United States,* 284 *U.S.* 299, 52 *S.Ct.*

180, 76 *L.Ed.* 306 (1932) (each successive sale to the same person constitutes a separate offense).

We find no merit in defendant's suggestion that *N.J.S.A.* 2C:35–3 and –7, by specifically preventing merger of certain offenses, support his position in this case. These statutes established the newly defined offenses of leader of a narcotics trafficking network and distribution within 1,000 feet of school property. The fact that the Legislature, in creating new offenses, deemed it necessary to expressly address the merger issue does not resolve the merger issue in the present case. Moreover, defendant's contention is based on an unspoken false premise, that merger occurs unless the Legislature specifically provides that it does not occur.

As in *Gore* and *Davis, supra,* we perceive no constitutional violation from the separate convictions in this case.

Affirmed.