582 A.2d 1038

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JASON J. STRECKO, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 24, 1990—Decided November 27, 1990.

Before Judges KING and STERN.

*Linda Mehling,* Assistant Deputy Public Defender, argued the cause for appellant (*Wilfredo Caraballo,* Public Defender, attorney).

*Sandra Iammatteo,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General, attorney).

The opinion of the court was delivered by STERN, J.A.D.

Defendant pled guilty to third degree possession of cocaine, *N.J.S.A.* 2C:35–10a(1), and possession of PCP (phencyclidine), *N.J.S.A.* 2C:35–10a(1) (counts one and three of indictment 89–7–885), burglary, *N.J.S.A.* 2C:18–2, and theft, *N.J.S.A.* 2C:20–3, (counts one and two of indictment 89–6–705), and fourth degree criminal mischief, *N.J.S.A.* 2C:17–3a(1), embodied in count one of indictment 89–3–391 and count two of 88–7–646, in exchange for dismissal of the remaining counts of the indictments and a drug paraphernalia nonindictable, and a recommendation that any custodial sentence not exceed seven years and that restitution be paid. Apparently, pursuant to a conference under *R.* 3:9–3(c), the judge indicated that he would impose a maximum sentence of 364 days in the Morris County Jail. A factual basis for the guilty pleas was developed, and defendant admitted possession of cocaine and PCP on April 8, 1989 in his apartment when the police "entered the premises" with his consent and conducted a search. He was "under the influence" at the time.

Defendant received concurrent five-year probationary sentences, with 60 days to be served in the Morris County Jail. The only issue raised before us relates to merger of the C.D.S. offenses because of its impact on the separate $1,000 D.E.D.R., $50 lab fee and $30 V.C.C.B. penalties.

It has been established in New Jersey that the issue of merger should be addressed at the time of plea and that defendant has the burden of establishing non-waiver where the issue is first raised on appeal. *See State v. Truglia,* 97 *N.J.* 513, 523–524, 480 *A.*2d 912 (1984); *State v. Alevras,* 213 *N.J.Super.* 331, 339–340, 517 *A.*2d 460 (App.Div.1986). In this case, defendant expressly "reserve[d] the right with respect to Indictment 89–07–0885, counts one and three, possession of those

controlled dangerous substances." The defendant was told on the record that his counsel was "going to make an argument at sentencing that they merge for purpose of sentence, DEDR penalties and such ...", and that the judge would "make a determination as to whether or not they merge." Accordingly, the matter was preserved. However, the sentencing judge denied the merger application, although it may have been understood as essentially directed to the propriety of separate penalties on multiple offenses. *See State v. Blow*, 237 *N.J.Super.* 184, 193-94, 567 *A.*2d 253 (App.Div.1989) *certif. granted*, 122 *N.J.* 153, 584 *A.*2d 222 (1990).

Simultaneous possession of two drugs has been held to merge when neither offense involves an intent to distribute. *See State v. Butler*, 112 *N.J.Super.* 305, 271 *A.*2d 17 (App.Div. 1970); *State v. Bacote*, 231 *N.J.Super.* 175, 177, 554 *A.*2d 1378 (Law Div.1988). *See also State v. Jordan*, 235 *N.J.Super.* 517, 521, 563 *A.*2d 463 (App.Div.1989), *certif. denied* 118 *N.J.* 224, 570 *A.*2d 978 (1989) (simultaneous possession of different drugs with intent to distribute in violation of *N.J.S.A.* 2C:35-5a does not merge); *State v. Selvaggio*, 206 *N.J.Super.* 328, 330-331, 502 *A.*2d 1142 (App.Div.1985). At least in the absence of more specific legislative intent on the issue, *see State v. Anaya*, 238 *N.J.Super.* 31, 36-39, 568 *A.*2d 1208 (App.Div.1990); *State v. Blow, supra; N.J.S.A.* 2C:1-8; *compare, e.g., State v. Cole*, 120 *N.J.* 321, 327, 576 *A.*2d 864 (1990); *State v. Truglia, supra*, 97 *N.J.* at 520-522, 480 *A.*2d 912 (Code cases maintaining "flexible" approach of *State v. Davis*, 68 *N.J.* 69, 81, 342 *A.*2d 841 (1975)), we are satisfied that the convictions for the simultaneous possession in defendant's apartment of two drugs in violation of the same statutory section must merge.

*State v. Butler* was decided under a provision of the former Uniform Narcotic Drug Act, *N.J.S.A.* 24:18-4; *see also State v. Selvaggio, supra*, 206 *N.J.Super.* at 331, n. 1, 502 *A.*2d 1142 (regarding *N.J.S.A.* 24:21-20(a)), and in *State v. Jordan, supra*, 235 *N.J.Super.* at 519, 563 *A.*2d 463 we reserved decision regarding "whether simultaneous simple possession of multiple

drugs constitute more than one offense under the Comprehensive Drug Reform Act of 1986." We recognize that the grading and potential maximum sentence for simple possession of CDS under *N.J.S.A.* 2C:35–10 depends on the particular drug involved and that, therefore, possession of different drugs under Schedules I, II, III and IV would expose defendant to the same maximum sentence under *N.J.S.A.* 2C:35–10a(1), if merger occurred, as possession of a single drug prohibited by that subsection. Nevertheless, while the fact defendant possessed more than one drug can be considered for sentence purposes, we believe that in the absence of clearer legislative intent with respect to merger of simultaneous possession of more than one type of CDS in violation *N.J.S.A.* 2C:35–10a(1), the present state of the case law requires "merger" in these circumstances. In so holding, we adhere to our belief that simultaneous possession of more than one substance with intent to distribute does not merge, for the reasons expressed in *State v. Jordan, supra.*

Accordingly, the matter is remanded for entry of judgment merging counts one and three of indictment 89–7–885.