STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
MIGUEL GARCIA, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted August 28, 1985—Decided September 18, 1985.

Before Judges KING and FURMAN.

*Thomas S. Smith,* Acting Public Defender, attorney for appellant (*Charlotte Hollander,* Designated Attorney, on the letter brief).

*Irwin I. Kimmelman,* Attorney General, attorney for respondent (*Mary Ellen Halloran,* Deputy Attorney General, of counsel and on the letter brief).

PER CURIAM.

Defendant was convicted of second degree robbery, contrary to *N.J.S.A.* 2C:15–1, and was sentenced as a persistent offender to an extended term of imprisonment of ten years with a parole ineligibility period of five years.[1]

On appeal defendant's only challenge is to his sentence to an extended term under *N.J.S.A.* 2C:44–3 a. He urges that he was not subject under that statute to imposition of an extended term because his two prior convictions were for drug-related offenses under Title 24. He also urges that failure of his counsel to object to his sentence on that ground deprived him unconstitutionally of effective assistance of counsel. Since we resolve the statutory argument against defendant, we need not

[1] Even without imposition of an extended term the sentence was within the sentencing guidelines of the Code of Criminal Justice for a second degree crime.

deal with his constitutional argument, which would only pertain upon resolution of the statutory argument in his favor.

*N.J.S.A.* 2C:44–3 a provides:

A persistent offender is a person who at the time of the commission of the crime is 21 years of age or over, who has been previously convicted on at least two separate occasions of two crimes, committed at different times, when he was at least 18 years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced.

*N.J.S.A.* 2C:1–4 a provides in pertinent part:

An offense defined by this code or by any other statute of this State, for which a sentence of imprisonment in excess of 6 months is authorized, constitutes a crime within the meaning of the Constitution of this State.

Defendant's two prior separate convictions were for possession of a controlled dangerous substance and its possession with intent to distribute; and for possession of a controlled dangerous substance and its distribution. The convictions occurred within ten years of the robbery committed by defendant. He was over age 18 at the time of commission of both drug-related offenses. Sentences of imprisonment in excess of six months were authorized both for intent to distribute and for distribution of a controlled dangerous substance.

According to *N.J.S.A.* 2C:43–1 b, sentencing upon conviction of Title 24 offenses is governed by the sentencing provisions of the Code of Criminal Justice, Title 2C, except for the maximum sentence, which is that authorized, if one is specifically provided, under Title 24. *State v. Tremblay,* 185 *N.J. Super.* 137 (Law Div.1982), upon which defendant relies, holds in accordance with *N.J.S.A.* 2C:43–1b that a defendant convicted of a Title 24 offense who had two previous convictions for other than drug-related crimes is not subject to sentencing as a persistent offender under the Code; rather, his maximum sentence is limited to that authorized under Title 24.

*Tremblay* is factually distinguishable and not controlling because, there, sentencing was for a Title 24 offense after two prior convictions for other than Title 24 offenses, whereas on the appeal before us sentencing was for a crime under the Code

after two prior convictions for Title 24 offenses. There is no inhibition in *N.J.S.A.* 2C:43–1 b or 2C:44–3 a against sentencing defendant as a persistent offender based upon his two prior Title 24 convictions.

We adhere generally to the view expressed in *State v. Sobel,* 183 *N.J. Super.* 473, 478–479 (App.Div.1982), which resolves the applicability of another section of the Code to a Title 24 offense:

It is, therefore, evident that it is only the length of sentence and other penalties prescribed by Title 24 to which the Code does not apply. Thus, all other Code sentencing provisions do apply to Title 24, except those sentencing provisions applicable to a specific degree of crime. And Title 24 offenses, as noted, are not crimes of any degree since they have not been so graded by the Code.

We affirm.