867 A.2d 516

STATE OF NEW JERSEY, PLAINTIFF, v.
LARRY HENDERSON, DEFENDANT.

Superior Court of New Jersey
Law Division Criminal Part
Camden County

Decided November 4, 2004.

*Christine Myers*, Assistant Camden County Prosecutor, for plaintiff.

*Lee J. Hughes*, attorney for defendant.

COOK, J.S.C.

Defendant Larry Henderson is before the court for sentencing for the reckless manslaughter of Rodney Harper and the related crimes he committed in January 2003. The State moves for imposition of an extended term of imprisonment pursuant to the "persistent offender" statute, *N.J.S.A.* 2C:44–3a. The motion presents an issue of first impression not previously addressed by any reported New Jersey decision: may a person be sentenced as a persistent offender to an extended term of imprisonment if his "latest in time" prior crime and his "last release from confinement," [1] occurred more than ten years before the crime for which he is being sentenced? For the reasons recited below, the answer should be no, even if his latest prior conviction occurred within that ten-year period.

## BACKGROUND

A jury convicted Henderson of committing the following crimes: the second degree reckless manslaughter of Rodney Harper (*N.J.S.A.* 2C:11–4b(1)); second degree possession of a weapon for an unlawful purpose (*N.J.S.A.* 2C:39–4a); third degree unlawful possession of a handgun (*N.J.S.A.* 2C:39–5b); and the fourth

---

[1] *N.J.S.A.* 2C:44–3a.

degree offenses of aggravated assault (pointing a firearm at another person, *N.J.S.A.* 2C:12–1b(4)) and certain persons not to have weapons (*N.J.S.A.* 2C:39–7a). Henderson committed those crimes in January 2003.

The State moves for an extended term of imprisonment on the reckless manslaughter count. The State asserts that Henderson's prior record qualifies him as a "persistent offender." The statute defines a "persistent offender" as:

> . . . a person who at the time of the commission of the crime is 21 years of age or over, who has been previously convicted on at least two separate occasions of two crimes, committed at different times, when he was at least 18 years of age, *if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced.*
>
> [*N.J.S.A.* 2C:44–3a (emphasis added).] [*N.J.S.A.* 2C:44–3a (emphasis added).]

Henderson was over age twenty-one when he committed the reckless manslaughter of Mr. Harper. He was previously convicted on four separate occasions of the following crimes, committed at different times, when he was at least age eighteen:

- On July 19, 1988, he was convicted of terroristic threats under I–1154–06–88 and sentenced to three years probation.

- On January 22, 1991, he was convicted of a motor vehicle theft-related offense under I–989–04–90 and sentenced to three years imprisonment.

- On February 13, 1991, he was convicted of controlled dangerous substance (CDS) offenses under I–2358–10–90 and sentenced to five years imprisonment. That five-year term was concurrent to the three-year term imposed under I–989–04–90. He was paroled on I–989–04–90 and I–2358–10–90 on August 10, 1992.

- On December 19, 1997, he was convicted under I–450–04–93 of a CDS offense committed on September 18, 1992. He was sentenced to four years, probation and credited with six days of jail credits for the period September 19 through 24, 1992.

Henderson's "latest in time" prior crime, committed on September 18, 1992, and his "last release from confinement" on September 24, 1992, each occurred more than ten years before the January 2003 crimes for which he is being sentenced.

Henderson's latest prior conviction on December 19, 1997, under I–450–04–93, for the "latest in time" prior crime he committed on

September 18, 1992, occurred slightly more than five years before the January 2003 crimes for which he is being sentenced.

## APPLICABILITY OF THE PERSISTENT OFFENDER STATUTE

■ The State posits that Henderson is a persistent offender because his *latest prior conviction,* which occurred on December 19, 1997, was within ten years of the January 2003 reckless manslaughter and other crimes he committed and is being sentenced for in this case. The State makes this argument, despite the language of the persistent offender statute linking the ten-year time limitation to the dates of a defendant's latest prior crime and last release from confinement, not to the date of his latest prior conviction.

The statute permits a "persistent offender" finding only

...if the *latest in time of [the prior] crimes* or the date of the defendant's *last release from confinement,* whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced.

[*N.J.S.A.* 2C:44-3a (emphasis added)].

As support for its position, the State cites *State v. Livingston,* 172 *N.J.* 209, 797 *A.*2d 153 (2002), a case involving the Persistent Offenders Accountability Act, better known as the "Three Strikes" law. *N.J.S.A.* 2C:43-7.1. *Livingston* provides guidance for interpretation of the persistent offender statute at issue here, since both statutes require that in order to sentence an offender to an extended prison term, the date of his latest prior crime or last release from confinement must be within ten years of the date of the crime for which he is being sentenced. The "Three Strikes" law specifies that:

The provisions of this section shall not apply unless the prior convictions are for crimes committed on separate occasions and *unless the crime for which the defendant is being sentenced was committed either within 10 years of the date of the defendant's last release from confinement for commission of any crime or within 10 years of the date of the commission of the most recent of the crimes for which the defendant has a prior conviction.*

[*N.J.S.A.* 2C:43-7.1c (emphasis added)].

The persistent offender statute includes a similar time limitation that permits a "persistent offender" finding only

> . . . if the latest in time of these crimes [that were the subject of a prior conviction] or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced. [*N.J.S.A.* 2C:44–3a].

In *Livingston,* the Supreme Court confirmed the similarity of the ten year time limitations of the "Three Strikes" law and the persistent offender statute, noting that the definitions of a persistent offender under those statutes are almost identical. The Court said:

> Another example is the persistent offender criteria, *N.J.S.A.* 2C:44–3a, for imposing extended terms of imprisonment. *The definition of a persistent offender contains language almost identical to that contained in the "Three Strikes" law.*
>
> [*Id.* at 219–20, 797 A.2d at 159 (emphasis added)].

The rules of statutory construction and interpretation summarized in *Livingston* are also helpful to a proper construction of the persistent offender statute. Writing for the majority, Justice Coleman said:

> " 'As a general rule of statutory construction, we look first to the language of the statute. If the statute is clear and unambiguous on its face and admits of only one interpretation, we need delve no deeper than the act's literal terms to divine the Legislature's intent.' " *State v. Thomas,* 166 *N.J.* 560, 567, 767 A.2d 459[, 462] (2001) (quoting *State v. Butler,* 89 *N.J.* 220, 226, 445 A.2d 399[, 402] (1982)). If the text is susceptible to different interpretations, we look beyond the literal words of the statute and consider " 'extrinsic factors, such as the statute's purpose, legislative history, and statutory context to ascertain the [L]egislature's intent.' " *Aponte–Correa v. Allstate Ins. Co.,* 162 *N.J.* 318, 323, 744 A.2d 175 (2000) (quoting *Township of Pennsauken v. Schad,* 160 *N.J.* 156, 170, 733 A.2d 1159[, 1166] (1999)). We also consider the policy underlying the statute. *State v. Thomas, supra,* 166 *N.J.* at 567, 767 A.2d 459. However, in criminal cases we are guided by the rule of lenity, which requires us to construe penal statutes strictly and interpret ambiguous language in favor of a criminal defendant. *Schad, supra,* 160 *N.J.* at 171, 733 A.2d 1159[, 1166–67]; *State v. Galloway,* 133 *N.J.* 631, 658–59, 628 A.2d 735[, 749] (1987); *State v. Carbone,* 38 *N.J.* 19, 23–24, 183 A.2d 1[, 3] (1962).
>
> [172 *N.J.* at 217–18, 797 A.2d at 158].

*See also, State v. Hodde,* 181 *N.J.* 375, 379, 858 A.2d 1126, 1129 (2004) (it is a fundamental premise that criminal laws are to be strictly construed; a statute admits of a plain—meaning interpretation when the statutory language is clear and unambiguous and

susceptible of one interpretation, and it should be applied as written without resort to extrinsic interpretive aids).

■ Of further import is the principle *expressio unius est exclusio alterius* (the expression of one is the exclusion of others). Thus, where the Legislature makes express mention of one thing, that affirmative expression ordinarily implies the negation or intent to negate or exclude any other alternative. *Gangemi v. Berry*, 25 *N.J.* 1, 11, 134 *A.*2d 1, 6 (1957); *Borough of Fort Lee v. Director, Div. of Tax'n*, 14 *N.J.Tax* 126, 132 (1994) (citations omitted).

Considering the clear language of the persistent offender statute; the Legislature's express inclusion and linking of two prior events to the ten-year limitation period—a person's "latest in time" prior crime and his "last release from confinement" to the date of the crime he is being sentenced for; the exclusion of the date of a person's latest prior conviction as an event linked to the ten-year limitation period; and the Supreme Court's characterization of the language of the persistent offender statute in *Livingston* as "almost identical" to that contained in the "Three Strikes" law, the only proper interpretation is that the ten-year statutory limitation applies to the period between the date of the commission of defendant's "latest in time" prior crime *or* the date of the defendant's "last release from confinement" for a prior crime, whichever is later, and the date of the crime for which he is being sentenced. The relevant language of the ten-year limitation of the persistent offender statute is clear and unambiguous on its face, and admits of only that interpretation. No language is found in the persistent offender statute, nor does any rule of interpretation or decision apply to support the State's proposition that the ten-year limitation is linked to the date of a person's latest prior conviction, or that a prior conviction within ten years of the date of the crime for which he is being sentenced supports a persistent offender finding.

The clarity of the ten-year time limitation language of the persistent offender statute is also reflected in the *Oral Argument Sentencing Guidelines* (July 1996 and July 2003 revisions):

## IV.   EXTENDED TERMS

•••••

B.   *Grounds for Imposing a Discretionary Extended Term*

Under *N.J.S.A.* 2C:44–3, at least one of the following conditions must be met:

1.   Defendant is a "persistent offender": must be at least 21 years old at the time of the offense; previously convicted on two separate occasions of two crimes while at least 18 years old; *either the latest crime or defendant's release from confinement must have been within 10 years of the crime being sentenced (N.J.S.A. 2C:44–3(a)).*

[p. 34 (emphasis added)].[2]

Finally the State's reliance on *State v. Garcia,* 204 *N.J.Super.* 202, 497 *A.*2d 1296 (App.Div.1985), *certif. denied,* 103 *N.J.* 449, 511 *A.*2d 636 (1986), as supporting its assertion that the ten-year time limitation of the persistent offender statute means or refers to the period between the date of a defendant's *latest prior conviction,* and the date of the crime for which he is being sentenced, is unfounded.   *Garcia* does not stand for that proposition.   The only issue addressed and decided in *Garcia* was whether defendant's two prior convictions for Title 24 drug-related offenses qualified as prior convictions under the persistent offender statute.   The court held that "[t]here is no inhibition in *N.J.S.A.* 2C:43–1b or 2C:44–3a against sentencing defendant as a persistent offender based upon his two prior Title 24 convictions."   *Id.* at 205, 497 *A.*2d at 1297– 98.   Although the court made a passing reference to the fact that both prior convictions occurred within ten years of the crime the defendant was being sentenced for, there is no indication or

---

[2] The 1992 version of the *Sentencing Manual For Judges* stated that

*N.J.S.A.* 2C:44–3a defines a persistent offender as a defendant over 21 years old with at least two prior convictions for crimes committed at different times when defendant was at least 18 years old.   Further, defendant's most recent prior conviction or most recent release from imprisonment must be within 10 years of the date of the crime for which defendant is being sentenced.

That version is contrary to the language of the persistent offender statute specifying the ten-year limitation as the period from the date of defendant's "latest in time prior crime" or "last release form confinement" to the date of the crime for which a defendant is being sentenced, not the date of his most recent prior conviction.

suggestion that the dates of the latest of Garcia's prior crimes or his last release from confinement were more than ten years after the commission of the crime for which he was sentenced. Nor did *Garcia* hold that a person is a persistent offender if the dates of his latest prior crime and last release from confinement were more than ten years prior to the date of the crime for which he is being sentenced. *Garcia* did not discuss the ten-year time limitation of the persistent offender statute at all. Further, the New Jersey Supreme Court decisions in *Livingston; Hodde* and *Gangemi* are the precedents that bind this court in the interpretation of the persistent offender statute.

## *CONCLUSION*

The State has not met its burden of proving that the date of any of Henderson's "latest in time" prior crimes, or the date of his last release from confinement, was within ten years of the January 2003 crimes for which he is being sentenced. The fact that defendant's most recent prior conviction occurred within ten years of the January 2003 crimes does not satisfy the time limitation provision of the persistent offender statute. Accordingly, the State's motion for imposition of an extended term of imprisonment must be denied.