**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3720-15T2

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

RICHARD RIVASTINEO,

    Defendant-Respondent.

_____

> **APPROVED FOR PUBLICATION**
>
> **November 14, 2016**
>
> **APPELLATE DIVISION**

Argued October 5, 2016 — Decided  November 14, 2016

Before Judges Reisner, Koblitz and Sumners.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 15-09-0129.

Steven A. Yomtov, Deputy Attorney General, argued the cause for appellant (Christopher S. Porrino, Attorney General, attorney; Garima Joshi, Deputy Attorney General, of counsel and on the brief).

John Douard, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Mr. Douard, of counsel and on the brief).

The opinion of the court was delivered by

KOBLITZ, J.A.D.

The State, with leave granted, appeals from an interlocutory order of March 24, 2016 dismissing two counts of the indictment because the motion judge concluded that the State is precluded from aggregating the weight of cocaine and heroin to achieve a higher degree of crime pursuant to N.J.S.A. 2C:35-5(c).  Based on the plain language of the statute as well as the rule of lenity, we affirm.

On September 25, 2015, a State Grand Jury indicted defendant on six counts of drug-related offenses: second-degree conspiracy with one or more persons to distribute or possess cocaine and/or heroin, N.J.S.A. 2C:5-2 (count one); first-degree possession with intent to distribute five ounces or more of heroin and cocaine, N.J.S.A. 2C:35-5(a)(1), 5(b)(1) and 5(c) (count two); first-degree distribution of five ounces or more of heroin and cocaine, N.J.S.A. 2C:35-5(a)(1), 5(b)(1) and 5(c)(count three); two counts of third-degree possession of a controlled dangerous substance (CDS), one count relating to cocaine and one to heroin, N.J.S.A. 2C:35-10(a)(1) (counts four and five); and fourth-degree possession with intent to distribute drug paraphernalia N.J.S.A. 2C:36-3 (count six).

The State aggregated the weight of 3.6 ounces of cocaine plus 1.8 ounces of heroin seized from defendant during drug sales on different dates to charge defendant with first-degree possession

of a CDS with the intent to distribute (count two) and first-degree distribution of a CDS (count three), both of which require a weight in excess of five ounces.

Defendant moved to dismiss counts two and three of the indictment on the grounds that the State improperly aggregated the quantities of two different drugs for the purpose of charging him with first-degree crimes. On March 24, 2016, Criminal Presiding Judge Marilyn C. Clark granted defendant's motion to dismiss both counts, determining that N.J.S.A. 2C:35-5(c) does not permit aggregation of different drugs to charge a higher degree of crime. We owe no deference to the legal decisions of the trial court. In re Application for a Retail Firearms Dealer's License Renewal, 445 N.J. Super. 80, 89 (App. Div. 2016) (citing Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995)). After reviewing Judge Clark's reasoning, however, we agree with her analysis, which we substantially follow in this opinion.

The State argues that because cocaine and heroin are included in the same statutory subsection, N.J.S.A. 2C:35-5(b), aggregation of these drugs is appropriate within the meaning and intent of N.J.S.A. 2C:35-5(c) and constitutes a proper exercise of prosecutorial discretion. In rejecting this argument, Judge Clark examined the plain language of the statute.

N.J.S.A. 2C:35-5(a)(1) states that it is unlawful "[t]o manufacture, distribute, or dispense, or to possess . . . with intent to manufacture, distribute or dispense, a controlled dangerous substance." Pursuant to N.J.S.A. 2C:35-5(b)(1): "Any person who violates subsection a. with respect to: Heroin, or its analog, or coca leaves and any salt, compound, derivative . . . in a quantity of five ounces or more including any adulterants or dilutants is guilty of a crime of the first degree." (Emphasis added.)

Judge Clark determined that N.J.S.A. 2C:35-5(c) permits aggregation of the same substance possessed or sold on different dates to reach the five-ounce minimum weight requirement for a first-degree charge. The statute, however, refers to substance, not substances. The judge noted that the singular statutory language provides a basis for aggregating quantities of the same substance, not quantities of different substances. Judge Clark further supported her conclusion with our holding that possession of different drugs with the intent to distribute constitutes multiple offenses that do not merge. State v. Jordan, 235 N.J. Super. 517, 520 (App. Div.), certif. denied, 118 N.J. 224 (1989).

N.J.S.A. 2C:35-5(c) states:

> Where the degree of the offense for violation
> of this section depends on the quantity of the
> substance, the quantity involved shall be
> determined by the trier of fact. Where the

4

> indictment or accusation so provides, the quantity involved in individual acts of manufacturing, distribution, dispensing or possessing with intent to distribute may be aggregated in determining the grade of the offense, whether distribution or dispensing is to the same person or several persons . . . .

> [Emphasis added.]

The court's goal in statutory interpretation is to determine and "effectuate the Legislature's intent." State v. Shelley, 205 N.J. 320, 323 (2011). This inquiry must begin with the plain "language of the statute, giving the terms used therein their ordinary and accepted meaning." Ibid. "When the Legislature's chosen words lead to one clear and unambiguous result, the interpretive process comes to a close, without the need to consider extrinsic aids." Ibid. "We will not 'rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended something other than that expressed by way of the plain language.'" Marino v. Marino, 200 N.J. 315, 329 (2009) (quoting O'Connell v. State, 171 N.J. 484, 488 (2002) (alteration in original)).

The plain language of N.J.S.A. 2C:35-5 supports the interpretation that the aggregation of the weights of different substances for charging purposes is not permitted. N.J.S.A. 2C:35-5(a)(1) states that it is unlawful to possess with the intent to distribute "a controlled dangerous substance." (Emphasis added).

N.J.S.A. 2C:35-5(a)(2) criminalizes the creation, distribution or possession with the intent to distribute of "a counterfeit controlled dangerous substance." (Emphasis added). The use of the singular "substance," in N.J.S.A. 2C:35-5(a)(1)-(2) plainly refers to only one drug.

The text of N.J.S.A. 2C:35-5(b)(1) further supports Judge Clark's interpretation that N.J.S.A. 2C:35-5(c) does not authorize the aggregation of multiple drugs for charging purposes. Pursuant to N.J.S.A. 2C:35-5(b)(1), it is a first-degree crime to "violate[] subsection a. with respect to: Heroin, or its analog, or coca leaves . . . ." (Emphasis added).

"[W]hen constructing the Legislature's words, every effort should be made to avoid rendering any part of the statute superfluous." Opderbeck v. Midland Park Bd. of Educ., 442 N.J. Super. 40, 56 (App. Div.), certif. denied, 223 N.J. 555 (2015) (quoting State in the Interest of K.O., 217 N.J. 83, 91 (2014)). The Legislature's use of "or" evidences its intent to refer to heroin and cocaine in the alternative, and indicates that possession of the two substances is to be charged separately.

Inclusive language is used elsewhere in N.J.S.A. 2C:35-5(b)(1) to authorize combining substances for the purpose of achieving the five-ounce weight: "Heroin, or its analog, or coca leaves and any salt, compound, derivative . . . in a quantity of

6

five ounces or more _including_ any adulterants or dilutants."
(Emphasis added). The Legislature thus intended for both heroin
and cocaine to be aggregated with any of its respective additives
when determining the weight of the substance.

The plain language of N.J.S.A. 2C:35-5(c) further strongly
supports Judge Clark's decision. N.J.S.A. 2C:35-5(c) states,
"Where the degree of the offense . . . depends on the quantity of
the substance . . . . [T]he quantity involved in individual acts
of . . . distribution, dispensing or possessing with intent to
distribute may be aggregated in determining the grade of the
offense." (Emphasis added). This subsection again refers to
"substance" in the singular form. There are no facial ambiguities
in N.J.S.A. 2C:35-5(c) because the plain meaning is clear: a single
substance, possessed on different occasions with the intent to
distribute, may be aggregated to reach the five-ounce, first-
degree weight. Nothing in the statute supports the State's
interpretation that the weights of different drugs, such as heroin
and cocaine, may be aggregated to reach the five-ounce, first-
degree weight. The plain meaning of the N.J.S.A. 2C:35-5(c)
precludes the State's interpretation.

We also note that the State could find no other instance
where it had sought to combine different drugs to obtain first-
degree weight in the approximately thirty years this statute has

A-3720-15T2

been in existence.[1]  The State seeks the  discretion to aggregate different drugs because consecutive second-degree sentences, as would be permissible if defendant were convicted without such aggregation, would not include the mandatory minimum sentence required by the first-degree drug sentence (except as waived by the State).   N.J.S.A. 2C:35-5(b)(1); 2C:35-12.   However, the statute does not five the State that discretion.

We also reject the State's position based on the rule of lenity.   Judge Clark noted, "where it is not clear whether something is permitted under a criminal statute, the benefit of this lack of clarity should accrue to the defendant."   If an ambiguity in a criminal statute is not resolved by reviewing the text and extrinsic sources, the rule of lenity dictates that the ambiguities must be interpreted in favor of the defendant. State v. Sumulikoski, 221 N.J. 93, 110 (2015).  Thus, "all penal statutes are to be strictly construed."  State v. Twiggs, 445 N.J. Super. 23, 36 (App. Div. 2016) (citing State v. D.A., 191 N.J. 158, 164 (2007)).

Any doubt as to whether N.J.S.A. 2C:35-5(c) should be interpreted to allow the aggregation of different drugs to increase

---

[1] The statute became effective June 22, 1987.  Judge Clark stated that "this is the first indictment I have ever seen in my years on the bench that has ever combined different CDS[s] for the purpose of aggregation."

the degree of crime must be resolved in favor of defendant. The rule of lenity coupled with the plain reading of the statute fully supports Judge Clark's dismissal of counts two and three of the indictment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION