**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4067-18T1

MARIO GONZALEZ,

      Plaintiff-Respondent,

v.

LAUMAR ROOFING
COMPANY, INC.,

      Defendant-Appellant/
      Third-Party Plaintiff,

v.

GUILIANO ENVIRONMENTAL,
LLC,

      Third-Party Defendant-
      Respondent.

_____

Argued October 24, 2019 – Decided August 10, 2020

Before Judges Alvarez, Suter and DeAlmeida.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-1626-17.

David J. McHale, argued the cause for appellant (Langsam Stevens Silver & Hollaender, LLP, attorneys; David J. McHale and Derek Mayhugh, on the briefs).

Sean T. Payne, argued the cause for respondent Mario Gonzalez (Ginarte Gallardo Gonzalez & Winograd, LLP, attorneys; John Joseph Ratkowitz, of counsel and on the brief; Sean T. Payne, on the brief).

Richard S. Ranieri, argued the cause for respondent Guiliano Environmental, LLC (Weber Gallagher Simpson Stapleton Fires & Newby LLP, attorneys; Richard S. Ranieri and Anthony Ling, on the brief).

PER CURIAM

On leave granted, defendant/third-party plaintiff Laumar Roofing Company, Inc. (Laumar) appeals from the February 15, 2019 order of the Law Division granting summary judgment to third-party defendant Guiliano Environmental, LLC (Guiliano) and dismissing Laumar's third-party complaint. We affirm.

I.

The following facts are derived from the record. A school district awarded Laumar a contract to perform a roof tear down and replacement at an elementary school. Laumar subcontracted with Guiliano to perform a portion of the work.

Plaintiff Mario Gonzalez was employed by Guiliano. While working at the school construction site, Gonzalez fell off the roof of the building and

sustained serious injuries. At the time of the accident, Gonzalez was not using a safety harness provided by his employer. He alleges a supervisor employed by Guiliano instructed him not to use the harness, except when federal inspectors were present at the worksite. In addition, the fall happened shortly after Gonzalez climbed onto the roof from the edge of a dumpster. He alleges he was instructed by a supervisor not to take a safer route via a ladder on the other side of the building in order to save time. After Gonzalez's fall, the Occupational Safety and Health Administration (OSHA) cited Guiliano for lack of fall protection and inadequate fall hazard training. This was not the first time Guiliano was cited by OSHA for fall-related matters.

Gonzalez filed for and received workers' compensation benefits from Guiliano for his injuries pursuant to the Workers' Compensation Act (WCA), N.J.S.A. 34:15-1 to -146. Gonzalez thereafter filed a complaint in the Law Division against Laumar, alleging the company, as general contractor, was negligent in failing to provide a reasonably safe place to work. Gonzalez did not name Guiliano as a defendant in his complaint. Nor did he allege that his injuries were the result of an intentional wrong by Guiliano or its employees.

Laumar subsequently filed a third-party complaint against Guiliano, alleging any injuries suffered by Gonzalez were the result of the intentional

wrongs of Guiliano or its employees. Laumar sought indemnity from Guiliano for damages it may owe Gonzalez under the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 to -5, the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 to -5.8, and common law indemnity.[1]

Guiliano moved for summary judgment, arguing that Laumar's third-party complaint was barred by the WCA because Gonzalez received workers' compensation benefits for his injuries and did not allege Guiliano or its employees committed intentional wrongs against him. Laumar opposed the motion, arguing Guiliano and its employees harmed Gonzalez with intentional wrongs within the meaning of N.J.S.A. 34:15-8, constituting an exception to the WCA's bar to recovery from employers from tort claims.

On February 15, 2019, the trial court issued an oral opinion granting Guiliano's motion. The court concluded Laumar's third-party claims were barred by N.J.S.A. 34:15-8 because the acts alleged by Laumar, even if true, do not constitute intentional wrongs within the meaning of the statute. In addition, the court concluded that the claims of a third-party tortfeasor against an employer do not fall within the exception created by N.J.S.A. 34:15-8 when an

---

[1] Laumar also alleged Guiliano failed to obtain liability insurance naming Laumar as an additional insured. That claim is not before us.

employee has not alleged an intentional wrong by the employer. The court entered a February 15, 2019 order memorializing its decision and dismissing the third-party complaint with prejudice.

Laumar thereafter moved for reconsideration of the February 15, 2019 order. On April 12, 2019, the trial court entered an order denying Laumar's motion. The court concluded there was no basis for reconsideration and reiterated its conclusions with respect to Laumar's claims not falling within the statutory exception.[2]

We granted Laumar's motion for leave to appeal. Laumar raises the following arguments for our consideration:

> POINT I
>
> THE LAW DIVISION'S DISMISSAL OF LAUMAR'S CLAIMS AGAINST PLAINTIFF'S EMPLOYER WAS ERRONEOUS BECAUSE THE RECORD SUPPORTS THE APPLICATION OF THE INTENTIONAL WRONG EXCEPTION TO EMPLOYER IMMUNITY.
>
> A. LAUMAR HAS STANDING TO SEEK CONTRIBUTION FROM AN EMPLOYER WHO COMMITTED AN INTENTIONAL WRONG.

---

[2] Laumar does not make any argument with respect to the April 12, 2019 order. We deem waived any argument the trial court erred in denying reconsideration. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2020).

A-4067-18T1

B.    THE EVIDENCE SHOWS THAT GUILIANO COMMITTED AN INTENTIONAL WRONG AND SHOULD LOSE ITS STATUTORY IMMUNITY.

POINT II

PUBLIC POLICY SUPPORTS LAUMAR'S POSITION.

## II.

We review the trial court's decision granting summary judgment de novo, using "the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). Rule 4:46-2(c) provides that a court should grant summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." "Thus, the movant must show that there does not exist a 'genuine issue' as to a material fact and not simply one 'of an insubstantial nature'; a non-movant will be unsuccessful 'merely by pointing to any fact in dispute.'" Prudential, 307 N.J. Super. at 167 (quoting Brill v. Guardian Life Ins. Co., 142 N.J. 520, 529-30 (1995)).

Self-serving assertions that are unsupported by evidence are insufficient to create a genuine issue of material fact. Miller v. Bank of Am. Home Loan

A-4067-18T1

Servicing, L.P., 439 N.J. Super. 540, 551 (App. Div. 2015). "Competent opposition requires competent evidential material beyond mere speculation and fanciful arguments." Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009) (internal quotations omitted). We review the record "based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment." Brill, 142 N.J. at 523-24.

The WCA compensates employees for personal injuries caused "by accident arising out of and in the course of employment . . . ." N.J.S.A. 34:15-7. The Act applies when an employer and employee accept its provisions "by agreement, either express or implied . . . ." Ibid.

> Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article and an acceptance of all the provisions of this article, and shall bind the employee . . . as well as the employer . . . .
>
> [N.J.S.A. 34:15-8.]

Recovery under the WCA is "the exclusive remedy for an employee who sustains an injury in an accident that arises out of and in the course of employment." McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 490 (App. Div. 2011) (quoting Ahammed v. Logandro, 394 N.J. Super. 179, 190 (App. Div. 2007)). Thus, the WCA "accomplished a 'historic trade-off whereby employees

relinquished their right to pursue common-law remedies in exchange for automatic entitlement to certain, but reduced, benefits whenever they suffered injuries by accident arising out of and in the course of employment.'" Van Dunk v. Reckson Assocs. Realty Corp., 210 N.J. 449, 458-59 (2012) (quoting Millison v. E.I. du Pont de Nemours & Co., 101 N.J. 161, 174 (1985)). The Act "provide[s] a method of compensation for the injury or death of an employee, irrespective of the fault of the employer or contributory negligence and assumption of risk of the employee." Harris v. Branin Transp., Inc., 312 N.J. Super. 38, 46 (App. Div. 1998).

An employee who received workers' compensation benefits is not, however, precluded from filing suit against a third-party tortfeasor the employee alleges contributed to his or her injuries. N.J.S.A. 34:15-40; McDaniel, 419 N.J. Super. at 491. An employee's recovery from a third-party tortfeasor will offset the employer's liability under the WCA as provided in N.J.S.A. 34:15-40.

In Ramos v. Browning Ferris Industries, Inc., 103 N.J. 177, 184 (1986), our Supreme Court held that N.J.S.A. 34:15-8 precludes a third-party tortfeasor from seeking statutory or common law indemnification from an employer with respect to a judgment obtained by an employee who received workers' compensation benefits. The Court explained that

the [WCA] removes the employer from the operation of the Joint Tortfeasors Contribution Law. Because the employer cannot be a joint tortfeasor, it is not subject to the provisions of the Joint Tortfeasor Contribution Law, and a third-party tortfeasor may not obtain contribution from an employer, no matter what may be the comparative negligence of the third party and the employer.

[Id. at 184.]

The Court reasoned that

[a]s tempting as it may be in a given case to temper the exclusive-remedy provisions of the [WCA] and to permit a third party to recover against the employer, we defer to the balance of interests as struck by the Legislature. The unmistakable intention of the Legislature was that the sole liability of an employer for a work-related injury of an employee was that provided in by the Act.

[Id. at 188.]

The Court also rejected a third-party tortfeasor recovering from the employer under a theory of implied indemnity in the absence of an independent duty based on a special relationship. Id. at 189-90. Similarly, the employer cannot be subject to third-party claims under the Comparative Negligence Act,

N.J.S.A. 2A:15-5.3. Id. at 194; Stephenson v. R.A. Jones & Co., 103 N.J. 194, 199 (1986).[3]

There is one statutory exception to the recovery bar:

> [i]f an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.
>
> [N.J.S.A. 34:15-8 (emphasis added).]

Although this provision makes "clear that a co-employee's intentional wrongs were not subject to the exclusivity provision of the" WCA, the Supreme Court has held "that the intentional wrongs of an employer as well as those co-employees fall outside of the boundaries of the" WCA, thus allowing suits at common law by employees against their employers for alleged intentional wrongs. Millison, 101 N.J. at 185.

Laumar argues that the exception to the recovery bar not only allows an employee to file suit against his employer for intentional wrongs, but also permits a third-party tortfeasor who is sued by an employee to file a common

---

[3] The Court held that "indemnification of a third party by an employer pursuant to an express contract does not disturb the delicate balance struck by the Legislature in the [WCA]." Ramos, 103 N.J. at 191. Laumar does not allege an express contractual right to indemnification from Guiliano.

law claim for contribution against the employer for intentional wrongs that harmed the employee. We uncovered no precedent supporting that proposition and conclude the statutory framework of the WCA does not authorize a third-party complaint against an employer in these circumstances. We therefore affirm the February 15, 2019 order dismissing Laumar's third-party complaint.

It is well settled that the primary purpose of "statutory interpretation is to determine and 'effectuate the Legislature's intent.'" State v. Rivastineo, 447 N.J. Super. 526, 529 (App. Div. 2016) (quoting State v. Shelley, 205 N.J. 320, 323 (2011)). We start by considering "the plain 'language of the statute, giving the terms used therein their ordinary and accepted meaning.'" Ibid. (quoting Shelley, 205 N.J. at 323). Where "the Legislature's chosen words lead to one clear and unambiguous result, the interpretive process comes to a close, without the need to consider extrinsic aids." Ibid. (quoting Shelley, 205 N.J. at 323). We do "not 'rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended something other than that expressed by way of the plain language.'" Id. at 529-30 (alternation in original) (quoting Marino v. Marino, 200 N.J. 315, 329 (2009)). However, "[a]n enactment that is part of a larger statutory framework should not be read in isolation, but in relation to other constituent parts so that a sensible meaning may be given to the whole of

the legislative scheme." Vitale v. Schering-Plough Corp., 447 N.J. Super. 98, 115 (App. Div. 2016) (quoting Wilson ex rel Manzano v. City of Jersey City, 209 N.J. 558, 572 (2012)).

N.J.S.A. 34:15-8 provides that an employee (judicially interpreted to include an employer of that employee) is not liable to "anyone at common law or otherwise" for injuries to a co-worker compensable under the WCA, except for an intentional wrong. Read literally, the statute creates an exception to the employer's immunity from suit to "anyone[,]" which presumably would include a third-party tortfeasor, who demonstrates an intentional wrong by the employer or its employee. However, the overall context of the WCA makes apparent that the legislative intent reflected in the exemption is to provide an election of remedies only for the injured employee and his or her representatives.

The legislative intent is illustrated by the preceding paragraph of the statute, which provides that an agreement to be bound by the WCA applies to "the employee" and in the event of "the employee's death[,]" to "the employee's personal representatives, surviving spouse and next of kin, as well as the employer, and those conducting the employer's business during bankruptcy or insolvency." Ibid. The "anyone" referenced in the following paragraph of the statute must be interpreted in light of the preceding language addressing only

12

the rights of employees, employers, and their representatives. Gonzalez has accepted workers' compensation benefits as his sole remedy against Guiliano. He and his representatives as defined by the statute are bound by that election. In the absence of a claim by him that Guiliano or its employee committed an intentional wrong, the exception to recovery bar established in N.J.S.A. 34:15-8 is not triggered.

In addition, the Supreme Court has unequivocally held that employers do not meet the statutory definition of joint tortfeasors, Ramos, 103 N.J. at 184, and are not subject to the statutory provisions defining contributory negligence. Stephenson, 103 N.J. at 199. When reaching those decisions, the Court permitted a third-party tortfeasor to seek indemnification from an employer in limited circumstances not applicable here. We cannot stretch the exception in N.J.S.A. 34:15-8 to the WCA's otherwise broad protection of employers to include claims for contribution or indemnification by third-party tortfeasors in the absence of an employee's allegation of an intentional wrong.[4]

We also note that the right of an employee to sue a third-party tortfeasor is addressed in N.J.S.A. 34:15-40. While that provision establishes the

---

[4] We offer no opinion with respect to whether a third-party tortfeasor may assert a claim for contribution or indemnification against an employer when the employee alleges an intentional harm by the employer or its employees.

A-4067-18T1

indemnification and contribution rights the employer may have against a third-party tortfeasor for reimbursement of payments made to the employee under the WCA, it does not provide that a third-party tortfeasor is authorized to seek contribution or indemnification from the employer if it or its employees harmed the employee through an intentional wrong.

Because we hold that Laumar's third-party claims against Guiliano are barred by N.J.S.A. 34:15-8, we need not address whether the acts alleged by Laumar, if true, constitute an "intentional wrong" within the meaning of the statute. See Laidlow v. Hariton Mach. Co., Inc., 170 N.J. 602, 617 (2002) (holding that an intentional wrong is established where: (1) the employer knew "that [its] actions [were] substantially certain to result in injury or death to the employee, and (2) the resulting injury and the circumstances of its infliction on the worker must be (a) more than a fact of life of industrial employment and (b) plainly beyond anything the Legislature intended the [WCA] to immunize").

We have carefully considered Laumar's remaining arguments and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4067-18T1