**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2042-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

EDWARD M. PLAZA, a/k/a
EDWARD M. PLAZE, EDDY
ARENAS and ED ARENAS,

     Defendant-Appellant.

_____

Argued January 4, 2021 – Decided February 19, 2021

Before Judges Currier, Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 16-09-0623.

Laura B. Lasota, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Laura B. Lasota, of counsel and on the brief).

Lauren Bonfiglio, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Lauren Bonfiglio, of counsel and on the brief).

PER CURIAM

Defendant was charged with second-degree reckless vehicular homicide under N.J.S.A. 2C:11-5(a) after he crashed his car into a fire hydrant, killing his girlfriend in May 2016. Prior to the presentation of evidence at trial, defendant requested the court to charge the jury with the newly enacted statute of third-degree strict liability vehicular homicide, N.J.S.A. 2C:11-5.3, as a lesser-included offense. The new statute, which became effective on July 21, 2017, post-dated defendant's offense by more than a year.

The trial court declined to issue the charge, finding it would violate the Ex Post Facto Clause. Defendant was convicted by a jury of the second-degree reckless charge. The trial court also found him guilty of driving while intoxicated (DWI), N.J.S.A. 39:4-50.[1] The court sentenced defendant to eight years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for the vehicular homicide conviction. For the DWI conviction, the court suspended defendant's driver's license for one year, and imposed the required fines, penalties, and surcharges.

---

[1] The court found defendant had a blood alcohol content of 0.13 percent. The blood sample also tested positive for benzodiazepines and THC, the marijuana metabolite.

Defendant appeals from his conviction of reckless vehicular homicide, contending the trial court erred in not charging the jury with third-degree strict liability vehicular homicide as a lesser-included offense. He also contends his sentence is excessive. We affirm.

Defense counsel conceded it was a violation of the Ex Post Facto Clause to charge the jury with the new third-degree statute. Nevertheless, when the judge proposed defendant waive the clause, defendant said he would not. The trial court held that absent defendant's waiver, the third-degree charge could not be presented to the jury as a lesser-included offense because it would result in a violation of the Ex Post Facto Clause.

Defendant presents the following points for our consideration:

> POINT I: THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S REQUEST TO CHARGE THIRD-DEGREE STRICT LIABILITY VEHICULAR HOMICIDE AS A LESSER-INCLUDED OFFENSE TO SECOND-DEGREE RECKLESS VEHICULAR HOMICIDE. BECAUSE CHARGING N.J.S.A. 2C:11-5.3 AS A LESSER-INCLUDED OFFENSE WOULD NOT HAVE RESULTED IN AN EX POST FACTO CLAUSE VIOLATION, AND BECAUSE A RATIONAL BASIS EXISTED IN THE RECORD FOR THE CHARGE, FAILURE TO PROVIDE THE CHARGE TO THE JURY REQUIRES REVERSAL OF DEFENDANT'S CONVICTION.

A-2042-18

A. Policy considerations behind third-degree strict liability vehicular homicide permitted the trial court to charge the new statute as a lesser-included offense.

B. Charging third-degree strict liability vehicular homicide as a lesser-included offense to second-degree reckless vehicular homicide would not have violated defendant's constitutional rights under the ex post facto clauses.

C. Third-degree strict liability homicide is a lesser-included offense to second-degree reckless vehicular homicide, and a rational basis existed in the record to support the lesser charge.

D. Defendant was prejudiced by the trial court's failure to instruct the jury as to the lesser-included offense of third-degree strict liability vehicular homicide.

POINT II: DEFENDANT'S SENTENCE IS MANIFESTLY EXCESSIVE AND MUST BE REDUCED.

Our review of defendant's Point I arguments is de novo as the issue before us concerns a matter of law, not entitled to any deference. State v. Grate, 220 N.J. 317, 329 (2015).

The third-degree strict liability vehicular homicide charge was enacted after defendant committed his second-degree offense. In determining whether a statute will be applied retroactively, courts must apply a two-part test: (1) whether the Legislature intended to give the statute retroactive application; and if so (2) whether "retroactive application of that statute will result in either an

4 A-2042-18

unconstitutional interference with vested rights or a manifest injustice." State v. J.V., 242 N.J. 432, 444 (2020) (citation omitted). "A law is retrospective if it 'appl[ies] to events occurring before its enactment' or 'if it changes the legal consequences of acts completed before its effective date.'" Riley v. N.J. State Parole Bd., 219 N.J. 270, 285 (2014) (alteration in original) (quoting Miller v. Florida, 482 U.S. 423, 430 (1987)).

In deciphering legislative intent, we "look first to the statute's plain language." In re T.B., 236 N.J. 262, 274 (2019) (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). We review "'the entire statute' and read all provisions 'together in light of the general intent of the act.'" Ibid. (quoting Perez v. Zagami, LLC, 218 N.J. 202, 211 (2014)). We do "not 'rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended something other than that expressed by way of the plain language.'" State v. Rivastineo, 447 N.J. Super. 526, 529-30 (App. Div. 2016) (alteration in original) (quoting Marino v. Marino, 200 N.J. 315, 329 (2009)). When the plain language of the statute is clear and unambiguous, the interpretive process ends without resort to outside resources. State v. Gandhi, 201 N.J. 161, 176-77 (2010).

Moreover, "new criminal statutes are presumed to have solely prospective application." J.V., 242 N.J. at 443. The "savings statute," N.J.S.A. 1:1-15,

codifies the "general prohibition against retroactive application of penal laws," and expressly prohibits the retroactive application of statutory enactments unless the statute contains a declaration that it shall apply retroactively. State v. Chambers, 377 N.J. Super. 365, 367, 373 (App. Div. 2005). Absent a legislative declaration to the contrary, "we look to the date an offense was committed in determining whether a new law, which discharges, releases or affects an offense, should be applied to that offense." State in the Interest of C.F., 444 N.J. Super. 179, 188 (App. Div. 2016) (emphasis in original).

Here, the plain language of N.J.S.A. 2C:11-5.3 is unambiguous. It became effective July 21, 2017, more than a year after defendant's offense. The law does not include an express provision that it should be applied retroactively to offenses committed before the effective date. When the plain language of the statute is clear and unambiguous, the interpretive process ends without resort to outside resources. Gandhi, 201 N.J. at 176-77.

Defendant also argues that the policy initiative behind third-degree strict liability vehicular homicide permitted the trial court to charge the new statute. However, defendant does not present any extrinsic sources indicating a legislative intent or policy consideration to warrant the statute's application to crimes committed before the statute's effective date.

In its legislative statement, the Legislature explained its intent behind the new statute:

> One of the policy objectives of N.J.S.A. 2C:11-5.3 was to prevent situations where a defendant's act of criminal homicide by drunk driving did not rise to the level of second-degree reckless vehicular homicide, but where no other offenses, other than less-serious motor vehicles offenses under Title 39, would apply to the conduct.
>
> [S. Budget & Appropriations Comm. Statement to A. 3686, 2 (June 15, 2017).]

However, unlike drunk drivers whose crimes did not rise to the level of an indictable offense, here, defendant was indicted and convicted of second-degree vehicular homicide. Therefore, the policy considerations behind third-degree strict liability vehicular homicide did not mandate a retroactive application of the new statute.

We turn next to defendant's argument regarding the Ex Post Facto Clause. The United States and New Jersey Constitutions prohibit the Legislature from enacting ex post facto laws. U.S. Const. art. I, § 10, cl. 1; N.J. Const. art. IV, § 7, ¶ 3; State v. Fortin, 198 N.J. 619, 626-27 (2009). New Jersey's ex post facto jurisprudence follows the federal jurisprudence. State v. Perez, 220 N.J. 423, 439 (2015) (citing State v. Fortin, 178 N.J. 540, 608 n.8 (2004)). "The Ex Post Facto Clause was intended to interdict the retroactive application of criminal

laws that harm the accused." Fortin, 178 N.J. at 608. "The drafters of that clause understood that it would be unjust to prosecute a person for a crime . . . that was not on the books at the time of the commission of the act covered by the subsequent legislation." Ibid.

An ex post facto penal law is defined by "'two critical elements . . . : it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.'" State v. Natale, 184 N.J. 458, 491 (2005) (alteration in original) (quoting Weaver v. Graham, 450 U.S. 24, 29 (1981)). In order for an ex post facto violation to occur, the statute in question must either "(1) punish as a crime an act previously committed, which was innocent when done; (2) make more burdensome the punishment for a crime, after its commission; or (3) deprive a defendant of any defense available according to the law at the time when the crime was committed." State v. Muhammad, 145 N.J. 23, 56 (1996) (citing Beazell v. Ohio, 269 U.S. 167, 169-70 (1925)).

Before this court, defendant argues there would be no ex post facto violation because the third-degree offense, if applied as a lesser-included charge, would have exposed him to a lesser punishment than the second-degree offense. We are not persuaded.

A-2042-18

If the third-degree statute was applied to defendant, it would be a violation of the Ex Post Facto Clause because the law would relate to events occurring before its enactment and would disadvantage defendant. See Fortin, 198 N.J. at 627. The statute would both punish defendant's conduct with a separate crime and make punishment for the crime harsher. See Muhammad, 145 N.J. at 56.

At the time of defendant's offense, the act of driving while intoxicated and causing the death of another did not render defendant strictly liable for that death. See N.J.S.A. 2:11-5(a). If defendant was acquitted of the second-degree charge, the only other punishment defendant could be exposed to was a Title 39 municipal offense, carrying minimum county jail time. Under N.J.S.A. 2C:11-5.3(b), the conduct is elevated from a municipal summons to a third-degree indictable offense, with an ordinary sentencing range of three to five years in state prison. N.J.S.A. 2C:43-6(a)(3).

In addition, the State carries a lesser burden of proof regarding the third-degree strict liability offense, because there is no mens rea requirement. N.J.S.A. 2C:11-5.3. The State need only prove that defendant was driving with a blood alcohol content over the legal limit. Ibid. Under N.J.S.A. 2C:11-5(a), the State must prove that defendant caused the death of a victim while driving a vehicle recklessly.

Lastly, the third-degree strict liability offense would have deprived defendant of a defense available to him under the second-degree statute. See Muhammad, 145 N.J. at 56. N.J.S.A. 11-5.3(d) explicitly provides, "[i]t shall not be a defense to a prosecution under this section that the decedent contributed to [her] own death by reckless or negligent conduct or operation of a motor vehicle."

In his opening statement at trial, defense counsel asserted that defendant did not cause his girlfriend's death, telling the jury it had to find defendant not guilty if it found defendant's actions did not cause the accident. When defendant testified, he stated that his girlfriend grabbed the steering wheel and yanked it to the side, causing the car to "jump[] the curb" and the airbags to deploy, striking the victim in the head. Under N.J.S.A. 2C:11-5.3, defendant could not have raised this defense – that the victim contributed to her own death. Since the amended statute violated the protections of the Ex Post Facto Clause, without a waiver, it could not be applied to defendant. Therefore, the trial court did not err in declining to charge the jury with N.J.S.A. 2C:11-5.3.[2]

---

[2] In light of our decision on this issue, we do not reach the issue of whether the third-degree strict liability statute is a related or lesser-included offense to second-degree reckless vehicular homicide.

Defendant argues his sentence should be vacated and remanded for resentencing because the court erred in finding aggravating factor three applicable, N.J.S.A. 2C:44-1(a)(3), and failed to provide any reasoning for its application of aggravating factor nine, N.J.S.A. 2C:44-1(a)(9). We disagree.

We "review sentencing determinations in accordance with a deferential standard." State v. Fuentes, 217 N.J. 57, 70 (2014). Ordinarily we will not second-guess a judge's calibration of a sentence unless the judge failed to follow the sentencing guidelines, the aggravating and mitigating factors were not supported by the evidence, or application of the guidelines renders the sentence clearly unreasonable. State v. Roth, 95 N.J. 334, 364-65 (1984).

We are satisfied the trial judge's sentencing findings were supported by the factual evidence. In considering aggravating factor three, the judge noted defendant's extensive criminal history, including two indictable convictions: a 1997 burglary conviction and a 1999 possession of a controlled dangerous substance (CDS) conviction, and numerous convictions for disorderly persons offenses, including assaults, drug-related offenses, and various other offenses. Finally, defendant had multiple incidents of speeding, careless driving, unsafe operation, and at least six license suspensions, as well as a reckless driving incident.

Although defendant was given numerous opportunities for rehabilitation, the judge found he continued to reoffend. He had previously violated probation and was unsuccessfully terminated from a diversionary program. The judge also observed that the convictions were remote in time. As a result, he applied mitigating factor seven, N.J.S.A. 2C:44-1(b)(7). Nevertheless, the finding of aggravating three was properly supported by the record.

We are also satisfied that the judge supported his finding of aggravating factor nine, N.J.S.A. 2C:44-1(a)(9). During the sentencing hearing, the judge found there is both an "overwhelming strong need" to specifically deter this defendant and a strong need for general deterrence. The judge also noted the tragic circumstances of these events.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2042-18