# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4471-19

K.A. (f/k/a K.E.),

     Plaintiff-Respondent,

v.

C.E.,

     Defendant-Appellant.

_____

Submitted April 26, 2021 – Decided October 12, 2021

Before Judges Sabatino and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-2069-07.

Thomas Sidoti, attorney for appellant.

Berse Law, LLC, attorneys for respondent (Samuel J. Berse, on the brief).

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

In this post-judgment matrimonial matter, defendant C.E.[1] appeals from the July 30, 2020 order of the Family Part denying his motion to vacate, reconsider, or modify a prior order directing him to make monthly payments through the probation division to satisfy his unfulfilled obligation to pay loans he and plaintiff K.A. obtained to finance the first two years of their daughter's college education. We affirm.

I.

The following facts are derived from the record. The parties were married in 1983. They had four children during the marriage and were divorced in 2007. At the time of the divorce, the couple's oldest child, who was then less than twenty-three years old, was enrolled in her second year of college. In a property settlement agreement (PSA), the parties agreed that their children would be considered unemancipated if enrolled in college and that C.E. would be solely responsible for repayment of $60,000 in then-existing loans he and K.A. obtained for their oldest child's college expenses. The PSA was incorporated by the court in the parties' judgment of divorce.

---

[1] We identify the parties by their initials in order to preserve the confidentiality of C.E.'s medical diagnosis. R. 1:38-3(d)(3).

A-4471-19

C.E. failed to pay the loans. As a result, K.A., who presumably remained a signatory to the loans, moved to enforce the PSA. After a plenary hearing, the court, on May 31, 2019, entered an order, for the "reasons set forth on the record," providing as follows: "[t]his court finds that [C.E.] can pay $1,700 per month towards his outstanding balance arrears for [the child's] student loans through Probation."

On November 4, 2019, C.E. moved for reconsideration of the May 31, 2019 order. He asked the court to reduce his monthly payment toward his arrears on the loans because he had been diagnosed with bipolar disorder, which rendered him disabled and diminished his capacity to earn income.

On December 13, 2019, the court entered an order denying the motion. In a written statement of reasons, the court found C.E.'s motion was untimely because it was filed months after the twenty-day period established in Rule 4:49-2. In addition, the court concluded that even if the motion had been timely filed, it would be denied because evidence of C.E.'s diagnosis was brought to the court's attention and considered prior to entry of the May 31, 2019 order, and was not, therefore, new evidence warranting relief under Rule 4:49-2 and Rule 4:50-1.

On May 26, 2020, C.E. moved to reconsider, vacate, or modify the May 31, 2019 order.[2] In his motion papers, C.E. detailed his mental health diagnosis and the effect that it has had on his employment history. He also certified that because of the May 31, 2019 order, the probation division is garnishing his monthly social security benefits, which has left him "destitute."

With respect to his motion for reconsideration, C.E. certified that after entry of the December 13, 2019 order, he received a formal determination from the Social Security Administration (SSA) that he is totally and permanently disabled. He argued that based on "this new information" the court should reconsider the $1,700 monthly payment established in the May 31, 2019 order. C.E. also argued that if the court did not grant reconsideration of the May 31, 2019 order, it should consider the SSA determination to be changed circumstances warranting modification of his monthly payment obligation.[3]

---

[2] C.E.'s notice of motion requests only that the court vacate the May 31, 2019 order. However, at oral argument on the motion C.E.'s counsel argued that the court should reconsider the order pursuant to Rule 4:49-2 and Rule 4:50-1, or, in the alternative, modify C.E.'s payment obligation based on changed circumstances. See Lepis v. Lepis, 83 N.J. 139 (1980).

[3] C.E. also alleged that his oldest child is an adult "earning a six-figure income" who can afford to pay the loans taken for her education. It is not clear if C.E. contends that the child's age and income are changed circumstances warranting modification of his obligation to fulfill the terms of the PSA.

A-4471-19

With respect to his motion to vacate, C.E. argued N.J.S.A. 2A:17-56.67 prohibits the collection of his obligation to pay his adult child's student loans. He argues both that the loans are not child support and, if the loans are child support, because the child is older than twenty-three he cannot be compelled to pay the loans through the collection efforts of the probation division.[4]

On July 30, 2020, the trial court entered an order denying C.E.'s motion.[5] The court concluded that the SSA disability determination was not new evidence justifying reconsideration. The court found that C.E.'s disability and his receipt of disability benefits were addressed in the evidence adduced at the plenary hearing that resulted in the May 31, 2019 order.

The court also found C.E. failed to establish changed circumstances warranting modification of his monthly payment obligation and that the motion was "procedurally deficient" because it did not include a transcript of the plenary

---

[4] C.E. also alleged that "[t]o date, I still do not understand how the [c]ourt made [the] finding[s]" in the May 31, 2019 order because he "never received a [s]tatement of [r]easons or written [o]pinion from the [c]ourt. No findings of fact or conclusions of law were rendered." The May 31, 2019 order, however, states that it is entered for the reasons stated on the record on that date.

[5] Although the trial court placed its findings of fact and conclusions of law on the record on June 30, 2020 and entered an order resolving defendant's motion dated June 30, 2020, the order contains a "FILED" stamp dated July 30, 2020. The parties have proceeded on the assumption that the stamped date correctly reflects the date on which the order was filed.

hearing that resulted in the May 31, 2019 order, a transcript of the May 31, 2019 oral decision, or C.E.'s prior case information statement in accordance with Rule 5:5-4.  Quoting Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990), the trial court held that "it is clear that the changed-circumstances determination must be made by comparing the parties' financial circumstances at the time the motion for relief is made with the circumstances which formed the basis for the last order fixing support obligations."  In light of the absence of information regarding the basis of the May 31, 2019 order, the trial court concluded the record was insufficient to support a finding of changed circumstances.

Finally, the court denied C.E.'s motion to vacate the May 31, 2019 order based on N.J.S.A. 2A:17-56.67.  The court held that while the statute terminates a parent's child support obligation, and its collection by the probation division, by operation of law when a child turns, at the latest, twenty-three, it contains exceptions where a "court-approved preexisting agreement" or court order provides otherwise.  The court found that college expenses are child support and that C.E. agreed in the court-approved PSA, incorporated in the judgment of divorce, to pay the loans obtained for his child's college expenses, negating any statutory bar on collection of his arrears through the probation division.  The court also concluded that its May 31, 2019 order was based on its conclusion,

after a hearing, that C.E. chose not to pay the loans when he had assets to do so and could afford $1,700 a month towards satisfying his arrears. Thus, the court concluded, the May 31, 2019 order is a court order that triggers an exception to the automatic termination provisions of N.J.S.A. 2A:17-56.67(a)(1).

This appeal follows. C.E. makes the following arguments.

> POINT I
>
> THE TRIAL COURT ERRED IN FINDING THAT N.J.S.A. [2A:17-56.67] DOES NOT PROHIBIT DEFENDANT'S REPAYMENT OF THE CHILD'S STUDENT LOANS THROUGH PROBATION.
>
> POINT II
>
> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION AS "PROCEDURALLY DEFICIENT."
>
> POINT III
>
> THE TRIAL COURT FAILED TO MAKE ADEQUATE FINDINGS OF FACT AND CONCLUSIONS OF LAW.

II.

Our review of a Family Part order is limited. Cesare v. Cesare, 154 N.J. 394, 411-13 (1998). "[W]e do not overturn those determinations unless the court abused its discretion, failed to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence." Storey v.

7

Storey, 373 N.J. Super. 464, 479 (App. Div. 2004). We must accord substantial deference to the findings of the Family Part due to that court's "special jurisdiction and expertise in family matters . . . ." Cesare, 154 N.J. at 413.

We defer to the judge's factual determinations, so long as they are supported by substantial credible evidence in the record. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). We review de novo the court's legal conclusions. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

We begin with C.E.'s argument the May 31, 2019 order must be vacated because it is contrary to N.J.S.A. 2A:17-56.67(a)(1). The statute provides:

> a. Unless otherwise provided in a court order, judgment, or court-approved preexisting agreement, the obligation to pay current child support . . . for a child shall terminate by operation of law . . . on the date that a child marries, dies, or enters the military service. In addition, a child support obligation shall terminate by operation of law . . . when a child reaches [nineteen] years of age unless:
>
> (1) another age for the termination of the obligation to pay child support, which shall not extend beyond the date the child reaches [twenty-three] years of age, is specified in a court order or judgment . . . .
>
> [N.J.S.A. 2A:17-56.67(a)(1).]

C.E. argues that pursuant to N.J.S.A. 2A:17-56.67(a)(1), because his child is older than twenty-three, his obligation to pay the loans he and K.A. obtained to pay for the child's college education cannot be enforced through the probation division. We disagree.

It is well settled that the primary purpose of "statutory interpretation is to determine and 'effectuate the Legislature's intent.'" State v. Rivastineo, 447 N.J. Super. 526, 529 (App. Div. 2016) (quoting State v. Shelley, 205 N.J. 320, 323 (2011)). We start by considering "the plain 'language of the statute, giving the terms used therein their ordinary and accepted meaning.'" Ibid. Where "the Legislature's chosen words lead to one clear and unambiguous result, the interpretive process comes to a close, without the need to consider extrinsic aids." Ibid. We do "not 'rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended something other than that expressed by way of the plain language.'" Id. at 529-530 (alteration in original) (quoting Marino v. Marino, 200 N.J. 315, 329 (2009)).

N.J.S.A. 2A:17-56.67 by its plain language applies to a "current child support" obligation. N.J.S.A. 2A:17-56.67(a). It is evident that the statute is intended to trigger a cessation of a current obligation to pay child support in specified circumstances, including the child obtaining a certain age. The statute

does not, as argued by C.E., relieve a child support obligor who has failed to fulfill his past obligation to pay child support from the collection of his arrears through the probation division. This interpretation of N.J.S.A. 2A:17-56.67 is confirmed by the plain language of N.J.S.A. 2A:17-56.69: "[i]f a child support obligation is terminated by operation of law pursuant to [N.J.S.A. 2A:17-56.67], any arrearages that have accrued prior to the date of termination shall remain due and enforceable. . . . [T]he [p]robation [d]ivision shall continue to enforce and collect the arrearages until they are paid in full . . . ."

The May 31, 2019 order provides for the collection through the probation division of C.E.'s unpaid obligation, memorialized in the PSA and incorporated in the judgment of divorce, to pay $60,000 in loans he and K.A. obtained to pay for their daughter's college expenses. Those loans are child support. See N.J.S.A. 2A:17-56.52 ("'Child support' means the amount required to be paid under a judgment . . . issued by the Superior Court . . . for the support and maintenance of a child . . . and may include other related costs . . . ."); Ricci v. Ricci, 448 N.J. Super. 546, 572 (App. Div. 2017) ("[C]ollege costs are recognized as a form of support for unemancipated children.").

In addition, N.J.S.A. 2A:17-56.67 does not apply where, in a court-approved preexisting agreement, the parties have defined the terms of a party's

child support obligation.  Here, C.E. entered into a PSA in which he agreed to be solely responsible for $60,000 in then-existing loans he and K.A. obtained prior to the divorce to pay for their child's college expenses.  The automatic termination provisions of the statute simply do not apply to the collection of the arrears he created by failing to fulfill his obligations under the PSA.

We also reject C.E.'s argument that the trial court erred in denying his motion for reconsideration of the May 31, 2019 order.  Rule 4:49-2 provides:

> Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall be served not later than 20 days after service of the judgment or order upon all parties by the party obtaining it.  The motion shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

Rule 4:50-1 sets forth the grounds on which a party may be relieved from operation of a final order:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered

11

in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

[R. 4:50-1.]

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris, LLP, 202 N.J. 79, 87 (2010)); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence," or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application." Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). The moving party must "initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should

engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401. A motion for reconsideration is not an opportunity to "expand the record and reargue a motion. [It] is designed to seek review of an order based on the evidence before the court on the initial motion, . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Capital Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

The trial court found that the basis for C.E.'s motion – the SSA determination of his permanent and total disability – was not new evidence warranting reconsideration. Although the determination was issued after entry of the May 31, 2019 order, the trial court judge, who presided at the plenary hearing resulting in the May 31, 2019 order, found that evidence of C.E.'s disability, his earning capacity, and his receipt of disability benefits was entered at that hearing. The court found that those factors were considered when it arrived at the monthly payment established in the May 31, 2019 order.

Finally, we address C.E.'s argument that the trial court erred by denying his request to modify his monthly payment based on changed circumstances. The trial court is "authorized to modify alimony and support orders 'as the circumstances of the parties and the nature of the case' require." Halliwell v.

Halliwell, 326 N.J. Super. 442, 448 (App. Div. 1999) (quoting N.J.S.A. 2A:34-23). A party seeking a modification of his alimony and child support obligations must demonstrate changed circumstances "as would warrant relief." Lepis, 83 N.J. at 157. The obligor's ability to pay is a central consideration when determining if relief is warranted. Miller v. Miller, 160 N.J. 408, 420 (1999). We review the trial court's modification decision for an abuse of discretion. Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015).

The primary basis for the court's decision was that C.E. did not include in his moving papers evidence necessary for the court to determine if circumstances had changed after entry of the May 31, 2019 order. According to Rule 5:5-4(a)(5), on which the trial court relied,

> [w]hen a motion . . . is filed for modification or termination of . . . child support . . . the movant shall append copies of the movant's current case information statement and the movant's case information statement previously executed or filed in connection with the order, judgment or agreement sought to be modified. If the court concludes that the party seeking relief has demonstrated a prima facie showing of a substantial change of circumstances or that there is other good cause, then the court shall order the opposing party to file a copy of a current case information statement.

While C.E. filed a current case information statement, he did not include with his motion the case information statement he submitted at the plenary

14

hearing that resulted in the May 31, 2019 order. Nor did C.E. file or cite in his moving papers the transcript of the plenary hearing or the court's May 31, 2019 oral opinion. Although these items are not specifically mentioned in Rule 5:5-4, we agree with the trial court's finding that the absence of this evidence from the motion record made it impossible for the court to determine whether the circumstances that informed the May 31, 2019 order had changed. The court, in effect, concluded that C.E. did not make a prima facie showing of changed circumstances warranting a hearing on his modification motion. As we understand the trial court's decision, C.E. is not precluded from renewing his motion for a modification of the monthly payment provision of the May 31, 2019 order based on sufficient evidence of changed circumstances since entry of that order.

We have considered C.E.'s remaining arguments and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15

A-4471-19